GIANNONI
v.
GUNNY.

---

## LITTLETON G. ATKINSON v. JOHN L. ROGERS.

| 14 | 633 |
| 109 | 160 |

When a person dies leaving property in two or more States or countries, his property in each State is considered as a separate succession for the purposes of administration, the payment of debts and the decisions of the claims of parties asserting title thereto. And when the property consists of immovables or slaves, it may be considered as a separate estate for the purpose of inheritance.

An heir-at-law may sue in our courts for the recovery of immovable property, and its revenues, even when his ancestor, who was domiciliated in another State, had made a will which had been probated, and ordered to be executed in a foreign jurisdiction, and which here may not be valid and sufficient to defeat his inheritance.

If immovable property in this State is in the possession of a foreign executor, and a testamentary disposition has been made of it, not in accordance with our laws, the legal heir may sue such executor directly for its recovery in the courts of this State, and is not obliged to resort to the tribunals of the testator's domicil, to ascertain the validity of the disposition intended to deprive him of his right to immovable property within our jurisdiction.

When a suit is brought by the heir of one of the members of a partnership against the heirs of the other member, claiming a certain sum, and giving, in his petition, a detailed statement of the property belonging to the partnership, and of its annual revenues—Held: That if plaintiff has any right to the property described in his petition, and is, therefore, entitled to an account from the heirs of the surviving partner, his right, and the rendition of an account of the partnership affairs, can be determined in such a form of action as well as any other. Held: That such a suit is in the nature of an action for the settlement of partnership affairs, and a partition and division of the partnership effects.

APPEAL from the District Court of the Parish of Avoyelles, *Cullom*, J.

*F. P. Hitchborn*, for plaintiff and appellant. *H. & S. L. Taylor*, and *F. Cannon*, for defendant.

LAND, J. There are two questions of law for decision in this cause, to wit: Has the District Court of the Parish of Avoyelles jurisdiction of the plaintiff's demand? And, secondly, if so, can the plaintiff maintain the action for the recovery of the property described in his petition, before a final settlement of the partnership affairs therein specified?

In connection with these legal questions, one of fact is presented for our determination, and that is, whether the domicil of *Dr. T. W. Griffin*, at the time of his death, was in the parish of Avoyelles, in this State, or in the county of Amite, in the State of Mississippi? Upon the question of fact, we concur with the Judge below, that his domicil was in the State of Mississippi at the time of his demise.

The allegations of the petition are, that *Thomas W. Griffin* and *Timothy M.* *Rogers*, purchased certain tracts of land in the parish of Avoyelles, for the purpose of establishing a planting partnership, and jointly furnished the necessary horses, mules and utensils, for carrying on the plantation. That they were joint and equal owners of the plantation and appurtenances mentioned, but that each furnished his own separate slaves for the cultivation of the land. That the partnership commenced in the year 1840, and continued until the death of *Griffin*, in March, 1843. That *Griffin* owned and placed on the partnership plantation certain named slaves, and that they and their natural increase are still on said plan-

80

tation, and are the property of the heirs of *Thomas W. Griffin,* of whom the plaintiff alleges himself to be one.

That the horses, mules and plantation utensils, at the time of *Griffin's* death, were worth the sum of $4,000, and that the crop of 1843, cultivated and gathered by the slaves mentioned, was worth the sum of $8,000 ; and that the revenues arising from the sale of the crops grown on said plantation since the 1st of January, 1844, have amounted to $12,000 per annum, and have been received and kept by *Timothy M. Rogers* and his heirs.

That *T. M. Rogers* and *Mary Griffin,* his wife, drew, after the death of *Thomas W. Griffin,* a written instrument, purporting to be his last will and testament, which they caused to be probated in the county of Amite, in the State of Mississippi ; and that although *T. M. Rogers* was appointed dative testamentary executor, he took no legal steps to administer the property of the testator, situate in the parish of Avoyelles, and that when the will was attacked by one of the heirs of the testator, in the county of Amite, it was abandoned by the legatees and executor, as though no will had been made.

That *John L. Rodgers,* as executor of *T. M. Rogers,* and as tutor of his minor heirs, is in possession of all the perperty and revenues aforesaid, and refuses to deliver the same to petitioner, or any such part thereof as rightfully belongs to him.

And, finally, that the drawing or writing of the pretended will of *T. W. Griffin,* and the probate thereof in Amite county, were simulated and intended to defraud him, and that he is entitled to demand and receive from the defendant *Rogers,* the sum of $37,791 66, on account of the property and revenues described, but which are wrongfully withheld from him under pretence of the will of *T. W. Griffin,* which is a nullity.

The defendant, *John L. Rogers,* for *himself* and *as tutor* of certain minor heirs of *T. M. Rogers,* filed a plea to the jurisdiction of the court, on the ground that the succession of *T. W. Griffin* had been opened, his will probated and ordered to be executed in Amite county, in the State of Mississippi, and that if plaintiff has any rights to property or otherwise in said estate, he was bound to demand them in the Probate Court of Amite county, where the will had been probated and the succession opened ; and he further excepted to plaintiff's demand on the ground, that he could not sue for the recovery of any specified amount alleged to be due and growing out of the partnership, until a liquidation of the partnership affairs, set forth in his petition.

The same defendant, *as executor* and *heir* of *Timothy M. Rogers,* filed a plea to the jurisdiction of the court, so far as the estate of *T. M. Rogers* was to be affected by the action, on the ground that the succession of the said *T. M. Rogers* had been opened, and his last will probated, and respondent appointed executor thereof, in the Probate Court of the county of Amite, in the State of Mississippi ; and that if plaintiff has any cause of action, the same must be litigated before the courts of the State of Mississippi, where said succession was opened, and the heirs reside.

The pleas to the jurisdiction of the court were sustained, and the suit dismissed.

First. The plea to the jurisdiction of the courts of this State, on the ground, that the succession of *T. W. Griffin* had been opened in Amite county, in the State of Mississippi, is not good in law. When a person dies leaving property in two or more States or countries, his property in each State is considered as a

separate succession for the purposes of administration, the payment of debts, and the decision of the claims of parties asserting title thereto ; and when it consists of immovables or real estate, it may be considered as a separate estate for the purpose of inheritance ; for the will of a testator may deprive his heirs-at-law of his property, subject to the operations of the laws of his domicil, but fail to do so when his property consists of immovables, and is subject to the laws of another or foreign country. For instance, the nuncupative will of *Thomas W. Griffin*, reduced to writing after his death, in the State of Mississippi, may be valid in that State, and deprive his heirs-at-law of his property situate in that State, but the *same will* may fail to deprive them of his lands and slaves in Louisiana, for the reason that a valid testamentary disposition of immovables situate here, is to be determined by our laws and not the laws of Mississippi, or any other State. To hold, therefore, that an heir-at-law cannot sue in our courts for the recovery of immovable property and its revenues, because his ancestor or other person from whom he inherits has made a will, which has been probated and ordered to be executed in a different or foreign jurisdiction, and which may not here be valid and sufficient to defeat the inheritance of the heir, as to property within the operation of our laws, would be a denial of justice to him, and a substitution of the foreign law in lieu of our own, as to the disposition of immovable property by testament. For if he be remitted to the courts of the domicil of the testator, to ascertain his rights under the will, they might be determined by the law of the forum and not by the local law or *lex rei sitæ.*

Secondly. For like reason, if immovable property in this State is in the possession of a foreign executor, and a testamentary disposition has been made of it, not in accordance with our laws, the legal heir may sue him directly for its recovery, in the courts of our State, and is not obliged to resort to the tribunals of the testator's domicil, to ascertain the validity of the disposition intended to deprive him of the immovable estate within our jurisdiction.

Thirdly. The petition contains a detailed statement of the property alleged to have been in partnership, and of its annual revenues, and alleges that a certain sum is due him (plaintiff) as one of the heirs of a deceased partner. If the plaintiff has any right to the property described in his petition, and is, therefore, entitled to an account from the heirs of the surviving partner, his right and the rendition of account of the partnership affairs, can be determined in the present form of action as well as any other.

The suit itself is in the nature of an action for the settlement of partnership affairs, and a partition or division of the partnership effects.

It is, therefore, ordered, adjudged and decreed, that the judgment be reversed, and the cause remanded for further proceedings according to law, and the defendants and appellees pay the costs of this appeal.