Heirs of Stephen Henderson *v.* P. A. Rost and G. Montgomery, on
    Opposition to Account of Executors and Report of Auditors.

The appointment of a judicial factor or administrator, by a foreign court of justice, confers no power
    upon such judicial factor to act in Louisiana, upon the simple registry of the decree of the foreign
    tribunal for his appointment.

APPEAL from the Fourth District Court of New Orleans, *Price*, J.
    *A. N. Ogden & W. S. Stansbury*, for plaintiffs. *E. A. Briggs*, for op-
ponent, appellant. *P. Soulé*, for defendants.

    Buchanan, J. *Henry Henderson* and *George Henderson* are heirs, by repre-
sentation of their father, *John Henderson*, deceased, for two-sixteenths of the suc-
cession of their paternal uncle, *Stephen Henderson*. They claim, by their petition
of opposition to an account rendered by defendants, late executors of *Stephen
Henderson*, and now attorneys in fact of his heirs, to be paid their said respective
shares of the assets of *Stephen Henderson's* succession, remaining in defendants'
hands.

    *William Anderson*, residing in Glasgow, Scotland, has intervened by petition,
in this issue, and by counsel asserts an exclusive right in himself to receive all
that portion of the assets in defendants' hands belonging to *John Henderson* or
his heirs; to be by him, *Anderson*, conveyed to Scotland, and there distributed
by him to the parties entitled to the same, under the authority of a Scotch court,
by which he has been appointed Judicial Factor upon *John Henderson's* estate—
a term in the Scotch law which appears to be synonimous with *Administrator*.
In support of this claim, *Mr. Anderson* files an authenticated copy of the decree
of the court in Scotland, for his appointment as Judicial Factor; which docu-
ment, the record informs us, has been registered in the Second District Court of
New Orleans.

    He is appellant from a judgment rejecting his petition.

    There is no dispute in this court, respecting the facts, or the qualities assumed
by the parties appellant and appellee. It appears that *Stephen Henderson's* suc-
cession was opened in this State; that the property of which the possession is
disputed herein, is situated in Louisiana; and that the appellees reside here.

    It does not appear that appellant was ever within the jurisdiction of our courts.
His appointment as administrator of the estate of *John Henderson*, by the Court
of Sessions in Edinburg, on the 10th of March, 1855, does not give him the seizin
of the effects of said estate in Louisiana. For, by the Act of 16th March, 1842,
(Session Acts, p. 300,) re-enacted in 1855, (Session Acts. p. 398,) it was declared
that the succession of persons domiciled out of the State of Louisiana, and leaving
at their demise property in this State, shall be opened and administered as those
of citizens and inhabitants of this State; and the Judge of the court wherein
such succession is opened, shall appoint an administrator to the same, in confor-
mity to the requirements of the laws of this State in relation to the administra-
tion of successions.

    In the present case, the appellant has not pursued the steps necessary to qualify
him to administer *John Henderson's* estate in Louisiana. He has neither made
he application, followed by two days advertisement, nor has he taken the oath,

<div style="margin-left"></div>

HENDERSON
*v.*
ROST.

nor given the bond required by law. The simple registry in the Second District Court, in virtue of an *ex parte* order, granted on his petition to that effect, of the decree of the foreign tribunal for his appointment as judicial factor, cannot certainly have the effect of letters of administration duly granted in Louisiana. Indeed, the argument of appellant's counsel admits this in substance; for it is contended that the appellant is alone amenable to the court in Scotland, from which his appointment emanates.

The appellant exhibits no legal right to interfere in the administration of *John Henderson's* estate in Louisiana.

It is, therefore, adjudged and decreed, that the judgment of the District Court which rejects the appellant's petition, be affirmed; and it is further decreed, that *George* and *Henry Henderson*, the appellees, do recover of defendants, by representation of their father, *John Henderson*, deceased, two-sixteenths of the residue of the succession of *Stephen Henderson*, as shown by the statements on file; reserving moreover, to said *George* and *Henry Henderson*, under the agreement of counsel filed, any further claim or interest in the fund to be distributed, as heirs or representatives of brothers or sisters who shall have died since the decease of their father aforesaid. And it is lastly decreed, that the costs of this appeal be paid by the appellant.

LAND, J., absent.