### No. 2873.—SUCCESSION OF MILTON TAYLOR.

A dative testamentary executor, who has been appointed, according to the laws of another State of the Union, in place of the executor named in the will, who declines to serve, can not be appointed dative testamentary executor to administer property of the succession situated in this State. In such a case the public administrator for the parish where the property, belonging to the succession, is situated, must be appointed to administer it. Revised Statutes of 1870, section 3677.

APPEAL from the Second District Court, parish of Orleans. *Duvigneaud*, J. *D. C. Labatt* and *J. Aroni*, for appellants. *Hays & New*, for appellees.

WYLY, J. This is a contest for the office of dative testamentary executor of the last will of Milton Taylor, deceased.

On the thirtieth March, 1870, John J. Rickey applied for the appointment of dative testamentary executor, alleging in his petition that Milton Taylor, late of Kentucky, died in Cincinnati, Ohio, leaving his will, which was probated on the twenty-sixth November, 1869, in the probate court of the county of Hamilton, State of Ohio, and that he was there appointed dative testamentary executor, the executor named in the will having declined to act. The prayer of his petition is, "that the will annexed be duly admitted to probate; that after due notice he be appointed and confirmed as dative testamentary executor of said succession, and that letters issue to petitioner according to law."    *    *    *    *    *    *    *

On the same day the will was admitted to probate and ordered to be executed by the Second District Court, parish of Orleans, and the application for letters of dative testamentary executorship was ordered to be advertised according to law.

The public administrator of the parish of Orleans, appointed under act No. 87 of the acts of 1870, intervened and was appointed dative testamentary executor by the court on the eighth of April, 1870.

Thereupon the counsel for the foreign dative testamentary executor moved to set aside the order, appointing the public administrator, on the following grounds:

*First*—That the applicant herein was duly appointed and sworn dative testamentary executor of the last will of the deceased by the probate court of a sister State, and is here present, praying to be

Succession of Taylor.

recognized and confirmed as such under the comity of States and the Constitution of the United States; and that this succession is not contemplated or embraced by the provisions of the act, appointing a public administrator, and his interference therein is not authorized by law.

*Second*—That the provisions of the said act must be construed strictly, being in derogation of common right, and were clearly intended to apply to cases, where there was no one willing to act as executor; that it was not intended to, and does not, impair the right of foreign executors to be recognized, as they have the right to be under the settled jurisprudence of this State.

*Third*—That the act of the Legislature and the appointment of the public administrator are subsequent in date to the decease of the testator and the appointment of the applicant herein by the probate court of a sister State, and can not be retrospectively interpreted so as to interfere with his administration of an ancillary succession.

The court refused the motion to set aside the appointment of the public administrator, and the foreign dative testamentary executor has appealed.

An examination of the Statute of 1870, " providing for the appointment of public administrators and defining the duties of the same," and an examination of the record satisfy us that the district judge decided the case correctly.

The third section of the act referred to provides: " That in all testate successions, when, from any cause, the executor can not discharge the duties of his office, the judge shall appoint the public administrator of the parish dative testamentary executor."

The ninth section repeals all laws on the same subject matter inconsistent with this law.

The application of the foreign dative executor shows that the executor named in the will has refused to act.    It is, therefore, a testate succession, for which the law, in precise terms, has appointed a legal representative.

Where a person dies, leaving property in two or more States, his property in each State is considered a separate succession for the purpose of administration, the payment of debts and the decision of claims of parties asserting title thereto; and the power of administrators, appointed in different States, extends only to the limits of the sovereigns creating them.   17 An. 15.

" The successions of persons, domiciled out of the State of Louisiana and leaving property in this State at their demise, shall be opened and administered upon as those of the citizens of the State, and the judge before whom such succession shall be opened, shall proceed to the appointment or confirmation of the officer to administer it

under the name and in the manner pointed out by the existing laws." Revised Statutes of 1870, section 3677.

If all testate successions where, from any cause, the executors named in the wills do not act, are to be administered by the public administrator, and all successions of persons, domiciled out of the State, are to be administered upon, as those of the citizens of the State, and all laws on the same subject matter, conflicting therewith, are repealed, how can the foreign dative testamentary executor be appointed by the court?

Where a dative testamentary executor has to be appointed, the law makes it the duty of the judge to appoint the public administrator, and repeals all laws in conflict therewith on the same subject matter.

The language of the law is not ambiguous; there is no room for construction, and we are not permitted to disregard its letter under pretext of pursuing its spirit. C. C. 13.

It will hardly be contended that the dative testamentary executor of the succession in Ohio is an officer of court, authorized to administer the succession in Louisiana.

We do not see in the record that the judge has made a retrospective application of the act of 1870, as complained of.

The act took effect on the fifth of March, 1870; the petition of the foreign dative executor was filed on the thirtieth of March, 1870. At the time the foreign dative testamentary executor applied to be appointed dative executor of the Louisiana succession, the law of this State made it the duty of the judge to appoint to that office the public administrator. He did so, and we think his appointment valid.

Judgment affirmed.

Rehearing refused.