PROVOSTY, J.
This is a suit in partition by licitation. The property sought to be partitioned consists of 2,833.09 acres of uncleared land situated in the parish of West Carroll. In the course of the partition proceedings a sheriff’s sale has been made of the property, but the adjudieatee at the sale, Frank Janes, has refused to accept the title; and a rule has been taken upon him to compel him to do so. This rule is the matter now before the court for consideration.
The partition suit was brought by Mrs. Kate Saunders, widow of Geo. W. Agee, in her individual capacity, and as administratrix of the succession of the estate of her deceased husband, Geo. W. Agee, by appointment of the probate court of Shelby county, Tenn.
She died before judgment in the suit, and by motion the administrator of her succession by appointment by the court of Shelby county, Tenn., her domicile at the time of her *824 death, was substituted as party plaintiff. The reason assigned by the defendant in rule for refusing to accept the title is that nothing shows that all the co-owners of the property were parties to the partition suit, and that an administrator by appointment by a court of another state is without quality to stand in judgment in this state for the partition of real property situated in this state. From ihe allegations of the petition in the partition suit and from the recitals of an'ex parte affidavit which is in the record but does not appear to have ever been offered in evidence, and which bears date subsequent to the judgment in the partition suit, we gather that the owners of the property are, first, George Washingon Agee, a resident of Memphis, Tenn., Hamilton Pope Agee, a resident of Honolulu, Hawaiian Islands, as heirs of their father, Geo. W. Agee, who had acquired by purchase the rights of Dudley Dunn Saunders and Elizabeth Saunders, heirs of Mary Wheatley, and also the rights of Wm. Arthur Wheatley, and also the rights of Jane Elizabeth Wheatley as heir of her son Hugh Lawson Wheatley; secondly, Samuel Gordon Brent, a resident of Memphis, Tenn., as heir of Mary Lou Saunders Brent, who was herself heir of Kate Wheatley Saunders; and, thirdly, the estate of Mrs. Kate Saunders Agee, deceased, who was heir, with Mary Lou Saunders Brent, of their mother, Kate Wheatley, and who as wife of Geo. W. Agee, and partner in community with him, acquired an equal interest with him by the several purchases made by him as hereinabove recited.
The petition for the partition alleges that Samuel Gordon Brent and Geo. W. Agee and Hamilton Pope Agee should be cited; and prays that a curator ad hoc be appointed to represent the two Agees, and that they be cited through this curator. There is no prayer for the citation of Brent. An attorney at law appeared for him, however, and filed an answer. The curator ad hoc filed answers for the two Agees.
The rule was made absolute, and the defendant in rule appealed. He has made no appearance in this court, however. And the appellees have contented themselves with filing a slip of a brief partly typewritten and partly manuscript, in which the facts are half stated, and no authorities are cited.
It is said in this brief (properly so called) that the objection that a foreign administrator has no quality for maintaining a suit in partition of real property in this state is answered by the fact that:
“Mrs. Agee has brought the suit not alone as foreign administrator, but also in her own right individually as co-owner.”
This answer, if it were good, and it is not, could have a/vailed only if Mrs. Agee had not died, and the administrator appointed to her estate by the court of another state become the plaintiff in the suit.
It is said that her heirs made themselves parties to the suit. Perhaps counsel know this, but the record does not even show who her heirs are.
It is also said that:
“All the other owners of the property were made parties, and have made personal appearances in this suit, and are bound by it.”
Assuming, for the argument, that the allegations of the petition and the said ex parte affidavit can be accepted as proof, they do not show who the heirs of Mrs. Kate Saunders Agee are; and, whoever they may be, the record does not show that they made themselves parties.
To the objection that the record in the partition suit does not show who the owners of this property are, and therefore does not show that all these owners were made parties to the partition proceedings, it is answered that a judgment rendered on sufficient proof in a partition suit recognizing the persons Who were parties to the suit as the owners *826 of the property sought to be partitioned cannot be questioned collaterally, but is conclusive upon the purchaser at the partition sale; and that, moreover, the defendant in rule “does not suggest that any interested person has been left out.”
No authority is cited for the proposition that the purchaser at a partition sale cannot urge that the judgment of partition is an absolute nullity because rendered in the absence of one or more of the co-owners; and none we imagine could be.
Ordinarily it would not be good pleading, in urging such want of proper parties, not to designate the co-owners who, it is claimed, have been left out; but in a case involving so many foreign heirships as the present one does we do not think that the purchaser at the partition sale should be required to investigate the family trees of all these heirs to ascertain whether all of them have been included in the suit. We think that the burden would be, in such a case, upon the plaintiffs in rule to make the proof of who these heirs and owners are.
The judgment appealed from is set aside, and the rule herein is dismissed at the cost of the plaintiffs in rule.