On Application for Rehearing.
LAND, J.
[1,2] George W. Agee died at his domicile in Memphis, Tenn., leaviug immovable property in the state of Louisiana. 1-Iis widow was appointed administratrix of his estate in Tennessee, but never was appointed administratrix of his estate in Louisiana. The property in Louisiana, consisting of real estate was a separate succession for all the purposes of administration and even for the purposes of inheritance. See Atchison v. Rogers, 14 La. Ann. 633. The appointment of Mrs. Agee, as administratrix of the estate in Tennessee, conferred on her no power to act as such in the state of Louisiana. Henderson v. Rost, 15 La. Ann. 405; Burbank v. Payne & Co., 17 La. Ann. 16, 87 Am. Dec. 513; Succession of Mitten Taylor, 23 La. Ann. 23. There is nothing in the record to show that the succession of George W. Agee was ever opened in the state of Louisiana. His two heirs at law were nonresidents, and have never been recognized by the court of the situs of the property. These two heirs were made defendants in the partition suit, and were cited through a curator ad hoc. The judgment of partition was in favor of the estate of George Washington Agee as owner in indivisión of four-sixths of the property. No judgment was rendered in favor of his heirs. If this partition had been consummated, four-sixths of the proceeds of the sale of the property would have been turned over to the foreign administrator for distribution in the state of Tennessee.
It follows from the foregoing statement that the succession of George W. Agee was not represented in the partition suit, and that the proceedings were null for want of proper parties. It may be added that Mrs. Agee died and the foreign administrator of her estate was substituted as a party plaintiff.
It is therefore ordered that the application for a rehearing be refused.