ODOM, Justice.
 

 The facts and pertinent issues involved in- this case are stated as follows by the trial judge:
 

 “Charles B. Box died testate at his home in Midnight, Humphreys County, Mississippi, on June 19, 1931. In his will he appointed Auvergne Williams, a resident of the State of Tennessee, and Henry Alcus, a resident of the State of Louisiana, as his joint executors. They were confirmed! by the chancery court of Humphreys County, Mississippi, and letters testamentary were issued to them by said Court. The estate has not been closed and they are still functioning as the testamentary executors of Box.
 

 “During his lifetime Box sold certain lands situated in St. Landry Parish, Louisiana, with full warranty of title, to Brooklyn Cooperage Company, which, with like warranty, sold the same lands to St. Landry Timber Company, which, with like warranty sold said lands, with other property, to Turner Lumber Company. Among the lands so sold -was the S% of the SW% of Section 11, T-3-S, R-5-E. The plaintiff herein, Minnie Griffin Hargrave, claims to be the owner of an undivided one-half interest of said one-half quarter section, and has brought this suit against the defendant, Turner Lumber Company, in revendication thereof to-> gether with a claim for damages for cutting and removing the timber which grew
 
 *290
 
 on said land. Turner Lumber Company has called St. Landry Timber Company in warranty, St. Landry Timber Company in turn has called Brooklyn Cooperage Company in warranty, and Brooklyn Cooperage Company has sought to call the Succession of Box in warranty. The Succession has been cited through Auvergne Williams and Henry Alcus, testamentary executors, and process has been personally served on Alcus in Orleans Parish, this State. The executors have filed an exception, or plea, to the jurisdiction of the Court ratione personae. As grounds for objecting to the jurisdiction of the court, the Succession sets out:
 

 “ ‘That the appointment of the said Henry Alcus as a co-executor of the Estate of Charles B. Box by the Chancery Court of Humphreys County, State of Mississippi, has no legal effect outside of the State of his appointment;’ (Art. IV)
 

 “ ‘That the said Henry Alcus, although individually domiciled in the State of Louisiana, has never been and is not presently in this State in his official capacity as executor of said Estate;’ (Art. V)
 

 “ ‘That exceptor is a non-resident or foreign estate insofar as the Courts of Louisiana are concerned, and, as such, can not be subjected to the jurisdiction of this Court in this proceeding in personam by the aforesaid service of process.’ (Art. VI).”
 

 After thus stating the facts and the issues involved, and after discussing at length the law applicable to such cases, the trial judge concluded:
 

 “The court is of the opinion that notwithstanding the fact that the executor, Alcus, is a resident of Louisiana and was personally served in this State, yet, since the Succession of Box is a. non-resident succession and owns no property in this State and Alcus has not qualified as executor in our courts (or has not been recognized here), the Succession is not legally present in this State, and the court is without jurisdiction to render a personal judgment against it. Service on the executor in the instant case amounts to no more than substituted service on the Succession, and cannot support a personal judgment against it.”
 

 The conclusion reached by the trial judge is correct. The Succession of Box owns no property in the State of Louisiana, and the executors have never been recognized as such by the courts of this state. The Brooklyn Cooperage Company, which purchased the property from Charles B. Box under full warranty of title, prayed that his succession be called in warranty and that it be cited through Williams and Alcus, who were appointed and confirmed as executors by the courts of Mississippi. It prayed that, in case judgment should be rendered against it in any given sum, it in turn have judgment against the Succession of Box for a like sum.
 

 It is not suggested by counsel for appellant that there is any statute of the State of Mississippi authorizing an executor or other succession representative to act in his representative capacity in foreign jurisdictions. We therefore as
 
 *292
 
 sume that the State of Mississippi has no such statute. In the absence of such statute, the executors of Box were without authority to represent the succession in the State of Louisiana. In Agee v. Brent et al., 132 La. 821, 61 So. 837, it was held that the appointment of an administratrix of an estate in the State of Tennessee conferred upon such administratrix no power to act as such in the State of Louisiana. The court cited in support of its ruling Henderson’s Heirs v. Rost, 15 La.Ann. 405; Burbank v. Payne & Harrison, 17 La.Ann. 15, 87 Am.Dec. 513, and Succession of Taylor, 23 La.Ann. 22. In Mason, Administrator, v. Executors of Haller Nutt, 19 La.Ann. 41, this court said:
 

 “An administrator of an estate has not authority beyond the limits of the State that appoints him.
 

 1 “He can neither administer the property of the estate situated in another State, nor collect debts therein owing to the estate. (Schneller v. Vance) 8 La. [506] 508 (28 Am.Dec. 140). (Burbank v. Payne & Harrison) 17 La.Ann. 15 (87 Am.Dec. 513).
 

 “He must be confirmed in his administration by the courts of the State in which the property is situated or the debts are owing, before he can administer the property or sue therein for the debts.”
 

 While Alcus, one of the executors of the estate of Charles B. Box, is present in the State of Louisiana, he is present here as an individual, but is not present in his official capacity as executor. It is well settled that an executor as an individual and as an official is, in the eyes of the- law, two separate and distinct persons. McMaster v. Gould, 240 N.Y. 379, 148 N.E. 556, 40 A.L.R. 792; Helme v. Buckelew, 229 N.Y. 363, 128 N.E. 216. Alcus was cited in his representative capacity, but in that capacity he is regarded in law as a resident of the State of Mississippi, where he was appointed, confirmed, and where letters testamentary were issued to him. Therefore, for the purposes of the instant suit, he must be regarded as a foreign executor.
 

 The rule as regards the bringing of suits against foreign administrators and executors in a court outside the state issuing his letters-has been stated in Section 512, Restatement of the Law of Conflict of Laws, at page 617, as follows:
 

 “No action can be maintained against any administrator outside the state of his appointment upon a claim against the estate of the decedent.”
 

 In commenting upon the statement quoted above, the writers of the Restatement of the Law stated that the rationale to be derived from the above quoted statement was this:
 

 “The administrator holds the assets of the decedent which come into his possession subject to the directions of the court which appointed him, and is responsible only to that court. For a court in another state to order payment from assets of the decedent in the hands of the foreign administrator would be an improper . interference with the administration by the court .of the first state.”
 

 
 *294
 
 The United States Supreme Court has consistently held that an administrator appointed in one state was not amenable to suit as such in another state. Wyman v. United States (Halstead), 109 U.S. 654, 3 S.Ct. 417, 27 L.Ed. 1068; Lawrence v. Nelson, 143 U.S. 215, 12 S.Ct. 440, 36 L.Ed. 130; Reynolds v. Stockton, 140 U.S. 254, 11 S.Ct. 773, 35 L.Ed. 464. See also Burrowes v. Goodman, 2 Cir., 50 F.2d 92, 77 A.L.R. 249, affirmed in 284 U.S. 650, 52 S.Ct. 30, 76 L.Ed. 551.
 

 An action cannot be maintained against a foreign executor who has not taken out ancillary letters of administration and thereby become qualified and recognized by the court of the forum in which suit is being brought against him. Milligan v. Milledge, 3 Cranch U.S. 220, 2 L.Ed. 417; Sec. 985 of Executors and Administrators, 21 Am.Jur. 929 (1939), and authorities cited therein.
 

 In Jefferson v. Beall, 117 Ala. 436, 23 So. 44, 67 Am.St.Rep. 177, the Supreme Court of Alabama held that letters testamentary had no extra-territorial operation and that a judgment rendered in a foreign state against an executor who had not qualified in that forum was void and of no effect. In that case the court said:
 

 “The accepted theory of administration is that the right and liability is purely representative, and exists only by force of the official character, and so cannot pass beyond the jurisdiction which grants it, and reserves to itself full and exclusive authority over all the assets of the estate within its limits.”
 

 In Helme v. Buckelew, supra, the Court of Appeals of the State of New York, of which Justice Cardozo was a member at the time, held that a foreign executor could not be sued in a state other than that of his appointment, unless there was property or some assets within the state by which the court could gain jurisdiction over the res.
 

 The rule laid down in the cases of Helme v. Buckelew and McMasters v. Gould, supra, was reaffirmed in the recent case of In re Rogers’ Will, 225 App.Div. 286, 232 N.Y.S. 609, affirmed 254 N.Y. 592, 173 N.E. 880. See also In re Thompson’s Estate, 339 Mo. 410, 97 S.W.2d 93, decided in 1936. The following text is quoted from 21 American Jurisprudence, Section 985, page 929:
 

 “The rule accepted generally, in the absence of exceptional circumstances, is that the personal representative of a decedent cannot be sued in a state other than that of his appointment in an action at law unless he takes out ancillary letters, in which case his liability to suit is the same as in the case of a local or domestic representative.”
 

 The general rule is stated in almost the same words in 24 Corpus Juris, Section 2720, page 1136.
 

 Counsel for appellant cite and rely mainly on the cases of Hepp v. Lafonta’s Executors, 2 Mart., N.S., 446, decided by this court in 1824, and Atkinson v. Rogers, 14 La.Ann. 633, decided in 1859. These cases
 
 *296
 
 do not support counsel’s argument. The facts stated by the court in the Hepp case were that Lafonta, a resident of France, died there, leaving a last will by which he bequeathed to certain persons residing in this state certain property situated here. These legatees brought suit in New Orleans to gain possession of the property here. There was an exception to the jurisdiction, grounded upon the proposition that the suit should have been brought in France, where the executors resided. But the court held that the executors who resided abroad could not compel legatees of property in this state to sue them elsewhere in order to gain possession of such property.
 

 In the Atkinson v. Rogers case, the court held, to quote Paragraph 2 of the Syllabus:
 

 “An heir-at-law may sue in our courts for the recovery of immovable property, and its revenues, even when his ancestor, who was domiciliated in another State, had made a will which had been probated, and ordered to be executed in a foreign jurisdiction, and which here may not be valid and sufficient to defeat his inheritance.”
 

 The property involved in that case was situated in the Parish of Avoyelles, this state.
 

 In the case at bar, Alcus, the executor, appeared in the district court for the sole purpose of excepting to the jurisdiction.
 

 The judgment maintaining the exception to the jurisdiction is correct, and is affirmed at the cost of the appellant.