43 So.2d 234

**WARREN v. GLOBE INDEMNITY CO.
et al.**

**No. 38559.**

Nov. 7, 1949.

Hollingsworth B. Barret, Shreveport, for plaintiff-applicant.

Irion & Switzer, Harry A. Johnson, Jr., C. C. Burton, Jr., Shreveport, for respondents.

McCALEB, Justice.

This is a suit for workmen's compensation by the dependent mother of George Barnes, Jr., who met his death in an automobile accident while allegedly performing duties of his employment with Wilson Supply Company. The latter and its insurance carrier resisted the claim on the ground that the fatal accident had no connection with Barnes' employment. After a hearing on the merits of the case, the District Court rejected the demand and plaintiff appealed to the Court of Appeal, Second Circuit, where the judgment was affirmed. See 30 So.2d 346. We granted certiorari.

During the pendency of the case here, the plaintiff, Mrs. Madie H. Warren, died at her residence in Crestview, Okaloosa County, Florida, where her succession was opened and Mrs. Eleanor Reese oppointed and qualified as administratrix. Proceeding under Section 1 of Rule XIV of this Court, Mrs. Reese filed a petition setting forth the facts and obtained an order substituting her as party plaintiff in the case.

Thereafter, the respondents moved that the writ of certiorari be recalled for the following causes:

(1) That Mrs. Reese is without authority, as administratrix of Mrs. Warren's estate under the appointment of a Florida court, to represent the succession in Louisiana and prosecute the action or stand in judgment, and

(2) That the action asserted by Mrs. Warren in these proceedings abated at her death and was not transmitted by law to her administratrix.

We shall consider these contentions in their reverse order.

The argument that the suit has abated is predicated on the theory that, since Mrs. Warren's right to sue for compensation is founded on her alleged dependency upon the employee for support, the statutory grant is a personal one which does not survive in favor of her heirs and forms no part of her estate. It is said that the right to compensation is in the same category as the right to recover damages for death by wrongful act under Article 2315 of the Civil Code; that it is not heritable and abates with the death of the beneficiary unless previously reduced to judgment. Kerner v. Trans-Mississippi Terminal R. Co., 158 La. 853, 104 So. 740 and Castelluccio v. Cloverland Dairy Products Co., 165 La. 606, 115 So. 796.

■ The proposition cannot be sustained as the compensation sought to be recovered had accrued at the time of Mrs. Warren's death. The rule is stated in 58 American Jurisprudence, Verbo "Workmen's Compensation" Section 578, page 931, thus: "It is generally held that installments of workmen's compensation which were due, but unpaid, at the time of the death of the beneficiary constitute assets of his estate, in the absence of any provision to the contrary."

■ The Court of Appeal, Second Circuit, passed on this question in Renfrow v. Caddo Parish Police Jury, La.App., 155 So. 291, Hall v. Southern Advance Bag & Paper Co., La.App., 158 So. 829 and Guillot v. Weaver Brothers & Thompson Lumber Co., La.App., 31 So.2d 278, holding that, to the extent of the accrued compensation payments at the time of the beneficiary's demise, his heirs have a vested interest. We are in accord with those adjudications.

■ Respondents' attack upon the authority of Mrs. Reese to prosecute the action, as administratrix of Mrs. Warren's estate under a foreign appointment, is based on the general rule of law that an executor or administrator "cannot sue in his representative capacity in any state or country other than that in which his letters of administration were granted." See 34 C.J.S., Executors and Administrators, § 1008, page 1256. This doctrine has received the unqualified approval of this Court. See Henderson's Heirs v. Rost, 15 La.Ann. 405; Burbank v. Payne & Harrison, 17 La.Ann. 15, 87 Am.Dec. 513; Succession of Taylor, 23 La.Ann. 22; Mason, Administrator, v. Executors of Nutt, 19 La.Ann. 41; Agee v. Brent, 132 La. 821, 61 So. 837 and Hargrave v. Turner Lumber Co., 194 La. 285, 193 So. 648.

Counsel for Mrs. Reese concedes the force of the above-stated rule but claims that it is applicable only in cases where an ancillary administration is necessary. And, pointing to the fact that the sworn allegations of Mrs. Reese's application to be substituted as plaintiff contains the statement that Mrs. Warren left no debts in Louisiana, counsel maintains that an administra-

tion of her estate in this jurisdiction would be inutile and that, therefore there is no reason why Mrs. Reese should not be permitted to continue the suit in her representative capacity under the Florida letters of appointment.

We find little substance in the argument. In the first place, if it be assumed that an administration of Mrs. Warren's estate is unnecessary in Louisiana due to the absence of debts,[1] this would not afford a valid reason for refusing to apply the general rule that Mrs. Reese cannot, as a foreign administratrix, prosecute the action. In 34 C.J.S., Executors and Administrators, § 1008, it is declared: "It is well settled that, *unless such right is given to him by statute,* an executor or administrator cannot sue in his representative capacity in any state or country other than that in which his letters testamentary or administration were granted. *While this follows naturally from the principle that letters of administration granted in one*

*jurisdiction have no extraterritorial force,* * * * *and the rule is enforced even though there are no local creditors,* it is frequently stated that the rule is also based on the principle that to allow a foreign representative to sue might be the means of exhausting or diverting local assets to the injury or inconvenience of local creditors." (Emphasis ours.)

Accordingly, the allegation that there are no local debts and that an ancillary administration is unnecessary does not have the effect of accrediting the foreign appointment with extraterritorial force nor does it warrant the formulation of an exception to the general rule[2]—for, aside from all other consideration, such a relaxation would not conform to the public interest.

Furthermore, since the claim of Mrs. Warren for compensation became an asset of her estate, her succession must be opened in Louisiana under the clear provisions of Article 1220 of the Civil Code.[3]

---

1. Quite a concession—requiring acceptance of an ex parte affidavit as due proof and, in case of error the administratrix would not be bound for the debts. Compare the case of the heir who accepts unconditionally under Article 1056 of the Civil Code.

2. The only recognized exception to the rule is that a foreign representative may sue to collect a claim which cannot be made the subject of local administration under the law of the state where the action must be brought "since in such cases the reasons for the rule prohibiting

suits by foreign representatives do not apply." See 34 C.J.S., Executors and Administrators, § 1008 (2), pages 1257 and 1258, citing Demattei v. Missouri-Kansas-Texas R. Co. 345 Mo. 1136, 139 S.W.2d 504. Obviously, this exception is without application in the case at bar.

3. That Article declares: "The succession of persons domiciliated out of the State of Louisiana, and leaving property in this State at their demise, shall be opened and administered upon as are those of the citizens of the State; and the judge before whom such successions shall be

If Mrs. Warren had been a resident of this state, it would have been necessary to open her succession and have a legal representative appointed or heir recognized and substituted as plaintiff in order for this litigation to be completed. If an administration is unnecessary (as Mrs. Reese declares), then the heir of heirs placed in possession of the estate can be substituted upon annexing to the application a copy of the judgment placing them in possession. But no one, unless recognized by a judgment of court either as administrator or heir, can be permitted to continue the prosecution of the claim. See Conoway v. Unity Industrial Life Ins. Co., La.App., 199 So. 168 and cases there cited and discussed (including Crump v. Metropolitan Life Insurance Company, 183 La. 55, 162 So. 80, relied on by counsel for Mrs. Reese).

Therefore, we hold that Mrs. Reese is without authority to prosecute this action as administratrix of Mrs. Warren's estate by appointment of the Florida court. However, this does not mean that respondents are entitled to have the writ of certiorari recalled. On the contrary, our ruling requires only that the order permitting Mrs. Reese to be substituted as party plaintiff and prosecute the action be rescinded, as the ends of justice demand that a reasonable opportunity be afforded counsel for plaintiff to cause the substitution of a prop-

opened, shall proceed to the appointment or confirmation of the officer to admin-

er party in the place and stead of Mrs. Warren. Meanwhile, the case will be relegated to the ordinary docket.

The objection to the authority of Mrs. Eleanor Reese to prosecute this action as administratrix of the estate of Mrs. Madie H. Warren under the appointment of the County Court, Okaloosa County, Florida, is maintained; the order of this Court of January 21, 1949, permitting Mrs. Reese to be substituted as party plaintiff, is recalled and rescinded and the cause is transferred to the ordinary docket for further proceedings consistent with the views herein expressed.

ister it under the name and in the manner pointed out by the existing laws."