**Mack H. WILLIAMS, Leonard Williams, Mrs. Laura Campbell, Miss Lila Williams, Bennette G. Williams, and Mrs. Maude B. Emery, in behalf of the Estate of Rosetta Williams, Plaintiffs,**

v.

**P. J. DONOVAN, Deputy Commissioner, United States Department of Labor, Bureau of Employees' Compensation, Seventh Compensation District, Defendant.**

**Civ. A. No. 11268.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Oct. 11, 1961.

Benjamin E. Smith, New Orleans, La., for plaintiffs.

Gene S. Palmisano, Asst. U. S. Atty., New Orleans, La., for defendant.

**J. SKELLY WRIGHT, District Judge.**

Jeff Williams was killed on January 23, 1959, on a vessel in the Mississippi River at New Orleans, during the course of his employment as a longshoreman. Almost a year later, on January 12, 1960, invoking Section 9(d) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 909(d), his mother filed a claim for death benefits, alleging that she was his nearest surviving dependent. Dependency was challenged by the employer,

but before the matter could be adjudicated, Mrs. Williams died on January 3, 1961. Her heirs, brothers and sisters of the longshoreman, sought to continue the proceedings before the Deputy Commissioner, claiming nothing in their own right but only the benefits accruing to their mother for the period between the worker's death and her own death. That prayer was rejected, the Commissioner holding that the dependent's claim, being then unadjudicated, abated at her death. From that decision the heirs now appeal.

The Act itself says nothing explicit about survival of a dependent's claim. Nor is there any square holding which resolves the question under the facts presented here. The two most recent decisions touching on the question seem to point in opposite directions, but neither really governs our case. Compare Union Stevedoring Co. v. Willard, 3 Cir., 209 F.2d 198,[1] with Cyr v. Reiss Steamship Co., 6 Cir., 229 F.2d 849.[2] In the absence of controlling mandate, resolution of the question must rest on a broader base.

■■■ A consideration of the central purpose of the Longshoremen's Act in providing death benefits suggests the solution. The scheme of the Act is that such benefits are limited to actual dependents of the worker and normally continue for the whole period of dependency. Thus, compensation is paid to the survivor only because he needs it and only so long as that need continues. It follows, of course, that benefits stop accruing with the dependent's death. But, until that time, his needs are just as real whether or not a formal award has been entered. The need arises from the moment support from the longshoreman ceases. So does entitlement to compensation. If payments are not immediately forthcoming, the dependent must presumably turn to other relatives or to the bank. Whatever debts, legal or moral, are thus created would normally be repaid by the dependent out of the accrued benefits distributed to him on the granting of an award. Surely the mere accident that adjudication is delayed beyond his death should not foreclose that repayment.

■■ Nothing opposes this result. It is true that the maritime law, like the common law, does not provide for survival of actions. But this is a void, not a prohibition. The gap can be filled by federal statute and such statutes are liberally construed in favor of survival. See Cox v. Roth, 348 U.S. 207, 75 S.Ct. 242, 99 L.Ed. 260. Failing that, state laws, when applicable, will fill the void. Just v. Chambers, 312 U.S. 383, 61 S.Ct. 687, 85 L.Ed. 903. Here, then, if the Longshoremen's Act itself cannot be read to permit continuation of the proceeding, we may invoke the Louisiana rule that compensation death benefits already accrued in favor of the dependent, though unadjudicated, inure to his heirs. Warren v. Globe Indemnity Co., 216 La. 107, 43 So.2d 234.

1. Under facts similar to those of the instant case, the court there required the employer to pay $1,000 into the special fund provided by 33 U.S.C.A. § 944(c) (1) on the ground that, for that purpose, the existence of eligible dependents is determined as of the date of adjudication rather than the time of the longshoreman's death. The case can, of course, be read as impliedly supporting the proposition that the action for death benefits abates on the dependent's death, if no adjudication has then been made. But that point was expressly conceded by all parties, relieving the court of any express holding on the question.

2. The case holds that the dependent's claim for a deficiency compensation award does not abate with her death occurring after notice of election to bring a third-party action had been filed but before the deficiency claim was adjudicated. While the opinion by Mr. Justice Stewart, then Circuit Judge, seems to rest decision largely on the peculiarities of the third-party procedure, it does recognize the Union Stevedoring case as pointing in another direction. Moreover, despite the factual differences, it is difficult to rationalize the result reached there without accepting the conclusion given here that entitlement to benefits is determined on the date of the longshoreman's death rather than the date of adjudication.

For the reasons stated, the case will be remanded to the Deputy Commissioner with instructions to permit the substitution of the administrator of Mrs. Williams' succession, or in the absence of an administrator, her heirs, and to continue the proceeding until final adjudication.