AYRES, Judge.
Mrs. Billie Blalack, surviving spouse in community with the decedent, Joe Blalack, was recognized as owner of an undivided one-half interest of the community estate with a usufructuary right over the interest therein of the five minor children, issue of her marriage to decedent, and as such placed in possession thereof by a judgment of court. Joe Ray Blalack, one of decedent’s two major children by a prior marriage, seeks in this proceeding to annul the judgment. The defendant in this proceeding, Mrs. Billie Blalack, successfully urged an exception of the want or lack of procedural capacity of plaintiff, Joe Ray Blalack, to institute and prosecute this action. From a judgment accordingly dismissing his action, he prosecutes a devolutive appeal.
For an appreciation of the questions presented for our consideration, a résumé of the facts pertaining principally to the family history and to the estate of the decedent appears appropriate.
*532 Joe Blalack, the decedent, was a resident of Gregg County, Texas. He was married twice. Of his first marriage two children were born, both now majors, one of whom is the petitioner, Joe Ray Blalack. After dissolution of his first marriage, decedent was married a second time, to Mrs. Billie Blalack, who, together with the five children of their marriage, as well as the two children of his prior marriage, survives him. The decedent left property situated in the State of Texas as well as in Bossier Parish, Louisiana.
Decedent’s will was probated in the court of his domicile in Texas. Plaintiff and defendant were granted letters of executor and executrix respectively of the estate in Texas. However, the executor was not shown to have furnished security subsequently required of him; nor was he or Mrs. Billie Blalack ever qualified as a succession representative with respect to property situated in the State of Louisiana.
The proceedings by which Mrs. Blalack was recognized as owner and placed in possession of her interest including her usu-fructuary right in the community estate in Lousiana were instituted by her in her individual capacity and as natural tutrix of her minor children. In the proceedings it was her contention, and it was decreed by the court, that decedent’s will probated in Gregg County, Texas, was null and void as to his estate in Louisiana because it was revoked by the birth of two legitimate children subsequent to its execution.
When a nonresident dies leaving property situated in this state, succession proceedings may be instituted in a court of competent jurisdiction, the procedure of which is the same as provided for the succession of a Louisiana domiciliary. LSA-C.C.P. Art. 3401. Where, however, a succession representative has been appointed by a court outside of Louisiana, he may act with respect to property situated in this state only after qualifying in a court of competent jurisdiction in Louisiana. After qualifying as such succession representative, he may exercise all of the rights and privileges as a succession representative originally qualified in this state. LSA-C.C.P. Art. 3402. But as such succession representative appointed by a court outside of the State of Louisiana, he has no capacity to appear in court on behalf of a succession without having first qualified in a court of competent jurisdiction of this state. LSA-C.C.P. Art. 3403.
Under the latter of the aforesaid articles it was commented by the redactors of the Code of Civil Procedure that the article was a codification of the rule announced in Agee v. Brent, 132 La. 821, 61 So. 837 (1913). There it was held that real estate situated in Louisiana belonging to a nonresident decedent constitutes a separate succession from that opened at his domicile for the purposes of administration, the adjudication of claims and of partition, and even for the purposes of inheritance. It was particularly pointed out that a foreign administrator has no standing to sue for a partition of real estate situated in the State of Louisiana, and that the absent heirs of a nonresident decedent do not have the capacity to represent his succession in the State of Louisiana until recognized and placed in possession by a decree of a competent court of this state.
For the aforesaid reasons, we conclude that the plaintiff, Joe Ray Blalack, is without procedural capacity to institute and maintain this action, and that the judgment ordering its dismissal was proper.
Accordingly, the judgment appealed is affirmed at plaintiff-appellant’s costs.
Affirmed.