BEER, Judge.
Plaintiffs-appellees, the surviving parents of the decedent Zacharias Turner, Jr., filed suit to recover workmen’s compensation benefits allegedly due their son for work connected injuries which he sustained on November 16, 1973 while employed by defendant-appellee. Before personally instituting suit for such benefits, Zacharias Turner, Jr. died as a result of a totally unrelated incident and the parents now seek benefits under the survivorship provisions *811 of Article 2315 of the Civil Code and Article 428 of the Code of Civil Procedure. No claim for dependency nor for death benefits under the workmen’s compensation act is urged by appellants. From a judgment maintaining appellee’s exception of no right of action and lack of procedural capacity, the appellants appeal.
In Brownfield v. Southern Amusement Company, 196 La. 73, 198 So. 656 (1940) the Supreme Court determined that, generally, the right of the employee to sue for benefits under the workmen’s compensation act is “personal” to him. The court stated:
“The law is settled that the benefits provided by the Workmen’s Compensation Act are due only to the injured employee, or to certain designated dependents in case of his death from injury. The relief granted is personal to the injured employee when his injury does not result in death, and in such a case he alone has the right to enforce the payment of compensation benefits by his employer or the latter’s insurer.” * (Emphasis ours.)
Plaintiffs rely heavily upon Article 428 of the Code of Civil Procedure. That Article provides:
“An action does not abate on the death of a party. The only exception to this rule is an action to enforce a right or obligation which is strictly personal.” (Emphasis ours.)
The decedent’s right under the workmen’s compensation act for weekly disability payments is clearly exclusive. The parents must be excluded from such a claim since that right of action is, obviously by its nature, “strictly personal.” The failure of their son to have instituted suit for allegedly due weekly disability benefits prior to his unrelated death must preclude any action seeking payment of weekly disability benefits on the part of his surviving parents.
But what of the medical bills allegedly incurred “personally” by decedent as a direct result of his injury? They are now represented by a liquidated figure and remain, as able counsel for appellants indicate, an outstanding indebtedness of decedent’s personal estate. Thus, the right to seek payment (or reimbursement) should, perhaps, be available to the executor or administrator of Zacharias Turner, Jr.’s estate.
A finding of disability requiring payment of weekly benefits is not necessarily a prerequisite to incurring the obligation to pay medical expenses occasioned by an employee who has been injured in the course and scope of his employment. That obligation exists on the part of the employer as of the moment the treatment is rendered if, indeed, the injuries requiring the treatment were actually incurred as a result of an industrial accident occasioned in the course and scope of the injured worker’s employment.
This legal obligation coupled with the fact of payment of the outstanding medical bill by the executor or administrator could, we believe, give the estate a basis for seeking repayment from the compensation insurer. It depends, we think, on the extent to which the prohibition described in R.S. 23:1032 concerning “personal representative” attaches to an executor or administrator and, also, on the interpretation of the term “benefits” as including properly incurred and completely identifiable liquidated medical expenses.
The present status of the parties to this litigation, as well as the facts presently alleged, effectively preclude our full deliberation of this issue. But, the issue may eventually have to be dealt with if and when an executor or administrator of decedent’s estate actually pays the outstanding medical bills which are alleged to *812 cover treatment accorded decedent as a direct and provable result of a course and scope industrial accident. On the present record, however, the judgment of the district court must be affirmed at appellants’ cost.
Affirmed.

 Also, see Holmes v. Holmes, 270 So.2d 578 (La.App.3rd Cir. 1972).