332 So.2d 770 (1976)
Mr. and Mrs. Zacharias TURNER, Sr.
v.
SOUTHERN WHEEL AND RIM SERVICE, INC. and Security Insurance Company.
No. 57259.
Supreme Court of Louisiana.
May 17, 1976.
Rehearing Denied June 18, 1976.
P. Albert Bienvenu, Jr., Bienvenu, Foster, Ryan & O'Bannon, New Orleans, for defendant-respondents.
Charles R. Maloney, New Orleans, for plaintiff-respondent.
MARCUS, Justice.
Plaintiffs are the parents of a former employee of defendant Southern Wheel and Rim Service, Inc. On November 16, 1973, their son was injured, allegedly while performing duties within the course and scope of hazardous employment. Plaintiffs contend that he was totally disabled *771 as a result of this injury. On May 4, 1974, before filing suit to claim workmen's compensation benefits, their son was killed in an accident totally unrelated to the work-connected injury. It is alleged that he is not survived by a wife, children, or dependents. On November 6, 1974, plaintiffs brought this compensation suit to recover disability benefits that had accrued in their son's favor prior to his death and the unreimbursed medical expenses that he had incurred in treating the work-connected injury. Defendants filed exceptions of no right of action, no cause of action, and lack of procedural capacity on the ground that the right of action to recover the accrued disability benefits and medical expenses had abated with the employee's death. The trial court sustained the exceptions, and the court of appeal affirmed. 322 So.2d 810 (La.App.4th Cir. 1975). We granted certiorari, 325 So.2d 275 (La.1976), to review the rulings by the courts below that plaintiffs have no right of action to sue for the benefits allegedly owed by defendants to their deceased son.
The obligation of an employer to pay an injured employee workmen's compensation benefits is a legal obligation, i.e., an obligation that is imposed upon him by operation of law. La.R.S. 23:1031; La. Civil Code art. 2292 (1870). The obligation is a statutory incident to the employment contract, and thus the benefits are awarded upon the theory that the statute is read into and becomes a part of the contract of employment. Sanderson v. Binnings Constr. Co., 172 So.2d 721 (La.App. 4th Cir. 1965); McKane v. New Amsterdam Cas. Co., 199 So. 175 (La.App.Orl. 1940), cert, denied, (1941). The employer is the debtor or obligor with respect to his obligation to pay compensation benefits, and the employee is the creditor, or obligee, since the employee is the person in whose favor the obligation is formed. La.Civil Code art. 3556(20) (1870).
Plaintiffs urge that they are entitled to enforce the obligation against defendants-obligors under the survivorship provisions of Civil Code article 2315. This contention is without merit, since their son's cause of action against his employer was not delictual or quasi-delictual in nature and arose under the Workmen's Compensation statute, La.R.S. 23:1021 et seq., rather than article 2315 of the Civil Code. The Workmen's Compensation statute, while it regulates the distribution of death benefits to dependents of an employee fatally injured by a work-related accident, contains no provision relative to the abatement of an employee's action for compensation benefits that have accrued to him before his death. Consequently, the general principles regarding abatements of actions are applicable to the instant action, which seeks solely the accrued pre-death benefits allegedly due the employee.[1] These principles are found in the Code of Civil Procedure and provide as follows:
Art. 426. Transmission of action and of right to enforce obligation
An action to enforce an obligation is the property of the obligee which on his death is transmitted with his estate to his heirs, universal legatees, or legatees under a universal title, except as otherwise provided by law. An action to enforce an obligation is transmitted to the obligee's legatee under a particular title only when it relates to the property disposed of under the particular title.
These rules apply also to a right to enforce an obligation, when no action thereon was commenced prior to the obligee's death.
Art. 428. No abatement on death of party
An action does not abate on the death of a party. The only exception to this *772 rule is an action to enforce a right or obligation which is strictly personal.
As these provisions make clear, the right of an obligee to enforce an obligation is his property that is transmitted upon his death to his heirs or legatees, even where (as here) the obligee did not commence an action thereon, unless the obligation sought to be enforced is strictly personal. Therefore, the sole issue presently before us is whether the deceased employee's right to recover pre-death accrued disability benefits and unreimbursed medical expenses is a strictly personal one.
In our opinion, an employee's right to enforce the performance of defendants' duty to pay accrued disability benefits and medical expenses is heritable rather than strictly personal[2] and is therefore transmissible to his heirs. Civil Code article 1999 provides that every obligation shall be deemed to be heritable as to both parties, unless the contrary be specially expressed, or necessarily implied from the nature of the contract. Further, the employer's duty to provide compensation benefits is an obligation to give, rather than an obligation to do. La.Civil Code art. 1905 (1870). "The general rule is that all obligations to give, and the resulting rights, pass to the heirs of the obligor and obligee." 6 C. Toullier, Droit civil francais, no. 403, at 439 (5 ed. 1839).[3]See Comment, Heritability of Conventional Obligations, 31 Tul. L.Rev. 324, 348-49 (1956).
Our conclusion that the right to claim workmen's compensation benefits accrued to the employee prior to his death is heritable is also supported by Louisiana jurisprudence. In Warren v. Globe Indemnity Co., 216 La. 107, 43 So.2d 234 (1949), we held that a suit by a dependent for death benefits under the compensation act did not abate when the claimant died during pendency of the litigation. In Warren, we specifically rejected the assertion of the employer and its compensation insurer that the right to compensation was a personal one that did not survive in favor of the dependent's heirs. Rather, we stated that the heirs of a workmen's compensation beneficiary have a vested interest in unpaid benefits that have accrued at the time of his demise.[4] Similarly, jurisprudence in the courts of appeal has established that accrued, yet unpaid, compensation benefits due a deceased employee are heritable. Wascom v. Miller, 101 So. 2d 744 (La.App.1st Cir. 1958); Warning v. Royal Indem. Co., 75 So.2d 242 (La.App. 1st Cir. 1954); Hebert v. Fifteen Oil Co., 46 So.2d 328 (La.App.1st Cir. 1950); Guillot v. Weaver Bros. & Thompson Lumber Co., 31 So.2d 278 (La.App.2d Cir. 1947), cited with approval in Warren, supra. See W. Malone, Louisiana Workmen's Compensation Law and Practice, § *773 301, at 375-76 (1951).[5] The fact that the obligee had filed suit for benefits prior to his death in the cases cited above provides no basis for distinguishing the decisions, since, under the second paragraph of article 426 of the Code of Civil Procedure (quoted above), the same rules that govern the transmission of instituted actions apply to the transmission of the right to enforce an obligation where no action thereon was commenced prior to the obligee's death.
Finally, we note that other jurisdictions also consider accrued, yet unpaid, compensation benefits to be an asset of the decedent's estate, like any other debt owed him. 2A. Larson, The Law of Workmen's Compensation § 58.40 (1976).
Accordingly, we hold that the heirs of the deceased employee have a vested right to enforce payment of the medical expenses and the disability benefits that accrued until he died. The courts below erred in sustaining the exceptions of no right of action, no cause of action, and lack of procedural capacity on the ground that the employee's action had abated at his death. We are unable to ascertain from the posture of the record whether plaintiffs are his heirs or legatees. Hence, we must remand the case to the trial court for it to reconsider the exceptions filed in light of the views expressed in this opinion.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed, and the case is remanded to the trial court for further proceedings not inconsistent with this opinion. The costs of this proceeding are assessed against defendants; further imposition of costs shall await the outcome of the litigation.
NOTES
[1] Plaintiffs assert no claim for death benefits since the death of their son was not caused by the work-related injury, nor do they allege dependency. La.R.S. 23:1231, as amended, La.Acts 1975, No. 583, § 10.
[2] Civil Code article 1997 defines a strictly personal and a heritable obligation as follows:

An obligation is strictly personal, when none but the obligee can enforce the performance, or when it can be enforced only against the obligor.
It is heritable when the heirs and assigns of the one party may enforce the performance against the heirs of the other.
. . . . .
[3] The articles of the Civil Code on the subject of personal and heritable obligations have no counterpart in the French Code civil, were added by the redactors of the Civil Code of 1825, and are thought to have been partially inspired by the writings of Toullier. Batiza, The Actual Sources of the Louisiana Project of 1823: A General Analytical Survey, 47 Tul.L.Rev. 1, 83 (1972).
[4] Defendants strongly rely upon Brownfield v. Southern Amusement Co., 196 La. 73, 198 So. 656 (1940), wherein we held that a married woman injured in the scope of her employment was the proper party to enforce a compensation claim, since the right, we stated, was "personal" to her and is not enforced by the community through her husband. This case is clearly inapposite to the present matter.
[5] The author states that under Louisiana jurisprudence compensation benefits accrued prior to the injured employee's demise, as well as compensation benefits for the worker's death which have already accrued to the beneficiary, survive to the beneficiary's estate upon the latter's death.