YELVERTON, Judge.
The issue before us is whether the settlement proceeds from a claim for worker’s compensation benefits, for benefits which had accrued prior to the employee’s death, the death occurring from causes unrelated to the employment accident, is assignable by the employee’s heir. The trial court, in a declaratory judgment action brought by the assign-ee, held that it was. The heir-assignor appealed. We affirm.
The single specification of error is the contention that under La.R.S. 23:1205 the benefits were not assignable. This statute, which is part of our Worker’s Compensation Law, reads:
Claim for payments; privilege of employee; non-assignability; exemption from seizure.
Claims or payments due under this Chapter shall have the same preference and priority for the whole thereof against the assets of the employer as is allowed by law for any unpaid wages of the laborer; and shall not be assignable, and shall be exempt from all claims of creditors and from levy or execution or attachment or garnishment, except under a judgment for alimony in favor of a wife, or an ascendant, or descendant.
The bizarre facts out of which the contested assignment arose were stipulated. On May 10, 1992, Paul Vidrine shot his wife Tammy, then he shot himself. He died that day and Tammy died the next day. By a will, Paul left his property to his mother, Felisa Lopez Deshotel. Paul’s succession was opened. Felisa accepted the succession unconditionally, and she was named the ad-ministratrix.
Shirley and Mary LeBleu, who were Tammy’s parents, brought a wrongful death action against Paul’s estate through Felisa, his administratrix.
The LeBleus and Felisa settled this lawsuit, and executed a conveyance, satisfaction and compromise agreement on June 25,1992. The settlement was expressly said to be an attempt to avoid litigation of the wrongful death claim, and in satisfaction of Tammy’s inheritance rights. The settlement specified that Felisa could keep two tracts of land out of Paul’s property and that everything else would go to the LeBleus.
In October 1992, Felisa filed a petition for authority to settle a worker’s compensation claim belonging to Paul based on a work related accident that Paul suffered back in 1985. The petition for authority to settle asserted a settlement value of $30,000. The LeBleus did not know about this cause of action or its settlement value because no one had told them. Felisa knew about it but she had not listed the claim as an asset in the detailed descriptive list in the succession proceedings. However, she had listed the wrongful death claim of the LeBleus as a debt of the estate in the detailed descriptive list.
The court approved the settlement. When the LeBleus filed a rule to enjoin Felisa from spending the settlement money, the trial court rendered an order that the money be put in the registry of the court, and that was done. The LeBleus’ declaratory judgment action, which had been filed earlier, was then heard and decided in favor of the LeBleus. This is the judgment on appeal.
The judgment was correct. It is true that a worker cannot assign his workmen’s compensation claim or payments due him to a third party. La.R.S. 23:1205. However, that is not the situation before us, and La. R.S. 23:1205 is not applicable.
Paul Vidrine’s claim arose prior to his death. The Louisiana Supreme Court has stated that the right to claim workmen’s compensation benefits accrued prior to an employee’s death is heritable rather than strictly personal. Turner v. Southern Wheel and Rim Services, Inc., 332 So.2d 770 (La.1976). Thus, the right to enforce the obligation of his employer to pay disability benefits was transmitted to his only heir, Felisa Deshotel, upon his death. Chapman v. *1229 Home Indemnity Co., 442 So.2d 1388 (La.App. 3d Cir.1983), writ denied, 445 So.2d 437 (La.1984). The pre-death workmen’s compensation benefits due Paul became an asset of his estate. Upon his death the right to enforce Paul’s claim and to receive the benefits was no longer strictly personal to him. Turner, 332 So.2d at 772.
Therefore, at the time Felisa Des-hotel and the LeBleus entered into the compromise agreement to settle the wrongful death claim and Tammy’s inheritance rights, the funds in dispute were merely another asset of Paul’s estate. Thus, the claim and subsequently the funds received, were transferred to Shirley and Mary LeBleu, in accordance with the compromise agreement.
It was held in Hawthorn v. Davis, 140 So. 56 (La.App. 1st Cir.1932), that the exemptions from seizure in La.R.S. 23:1205 are limited to amounts due, and not to money received. The reason for its interpretation by the court was the plain language of the statute, “[cjlaims or payments due,” the court reasoning that what was already paid was no longer due and therefore not exempt from seizure. The court in Hawthorn cites a number of decisions and gave several obvious reasons why this should be so.
There is even more reason to hold that the provision in La.R.S. 23:1205 prohibiting as-signability of claims or payments due means no more than what it says. If the prohibition could be construed as applying to money received, the recipient could not even spend the money from a settlement after he got it.
The judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.