(88 South. 235)

No. 22913.

SCOTT et al. v. DICKSON.

(April 4, 1921.)

*(Syllabus by Editorial Staff.)*

1. **Adverse possession** &#8255;85(5)—**Prescription; evidence defendant did not know property was community held to show good faith.**

In a petitory action for an undivided half of certain real estate, evidence that defendant acquired the property at a sale under a mortgage executed by plaintiff's father alone, and that defendant knew at the time she purchased that the mortgagor's wife was dead and that her heirs were minors, but did not know that the mortgaged property belonged to the marital community, having been informed and believing that it had been inherited by plaintiff's father, does not show lack of good faith in acquiring the property so that a plea of ten years' prescription is valid.

2. **Limitation of actions** &#8255;195(4)—**Prescription; party relying on disability has burden of proving continuance to within statutory period.**

A party relying on disability to protect his rights from 10 years' prescription has the burden of proving that the disability admitted to exist at the time defendant acquired the property continued to within 10 years of the beginning of the action.

Appeal from Twelfth Judicial District Court, Parish of De Soto; John H. Boone, Judge.

Action by J. F. Scott and others against Mrs. L. C. Dickson. From a judgment dis-missing the action on plea of prescription of 10 years, plaintiffs appeal. Affirmed.

R. Harwell Lee, of Minders, Craig & Bolin, of Mansfield, and White, Holloman & White, of Alexandria, for appellants.

Dickson & Denny, E. P. Mills and S. M. Cook, all of Shreveport, for appellee.

O'NIELL, J. Plaintiffs appeal from a judgment rejecting their demand in a petitory action for an undivided half of certain real estate, of which defendant is in possession. The suit was dismissed on a plea of prescription of 10 years.

[1] It is not disputed that defendant had been in possession of the property, under a title apparently valid, continuously, during a period exceeding 10 years when this suit was filed. The only question that the district judge found in the case, on the plea of prescription, was whether defendant was in good faith when she acquired the property. It is alleged to have belonged to the marital community between plaintiffs' father and mother. She died before plaintiffs had arrived at the age of majority, and they claim to have inherited her half interest in the property. Defendant acquired a mortgage on the land, executed by plaintiffs' father, nearly 4 years after their mother had died; and, in foreclosure of the mortgage, nearly 5 years thereafter, defendant bought the property at sheriff's sale, in satisfaction of her mortgage note. The evidence shows that defendant was aware, when she acquired the mortgage note, that plaintiffs' mother had died leaving minor children; but it also appears that defendant did not know that the mortgaged property belonged to the marital community theretofore existing between plaintiffs' father and mother. On the contrary, defendant had been informed and believed that the property had been acquired by plaintiffs' father by inheritance from his father. Under these circumstances, there is

no reason to doubt that the defendant was in good faith when she acquired the mortgage on the property and when she bought it at the sheriff's sale.

[2] Although it appears that plaintiffs were yet minors when defendant foreclosed her mortgage, there is no proof that they were not of the age of majority 10 years before this suit was filed. A party who relies upon the interruption or suspension of prescription bears the burden of proof of the facts required to interrupt or suspend prescription.

The judgment appealed from is affirmed, at appellants' cost.