**WISE v. HOWARD.**

No. 5401.

Court of Appeal of Louisiana.   Second Circuit.

Feb. 5, 1937.

Wm. F. Woods, Jr., of Shreveport, and Wm. B. Phelps, of Arcadia, for appellant.

W. W. McDonald, of Shreveport, for appellee.

TALIAFERRO, Judge.

Plaintiff seeks to recover judgment for an alleged balance due by defendant on open account for groceries. The petition was excepted to as being vague and indefinite, and plaintiff was asked to furnish certain facts and information pertinent to the account and to attach duplicate sales and credit slips or memoranda from which the account was made up. This plea was answered before being passed on and the rule declared discharged by the court. The petition as amended by the answer to the plea of vagueness was then excepted to as not disclosing a right or cause of action. The exception was sustained with leave to amend, which was done. Defendant then answered, but did not reserve his rights under the pleas formerly filed by him. He denies specifically that he contracted the account sued on, and therefore denies owing plaintiff any amount whatsoever.

Alternatively, he pleads that, if it be found as a fact that he was originally responsible for the payment of said account, he now owes no part thereof as it has been paid in full; and further, in the alternative, he pleads that recovery of the balance sued for is barred by the prescription of three years.

Defendant appealed from a judgment against him for the full amount sued for.

We are of the opinion that the plea of prescription is well founded, and therefore address ourselves solely to this defense. The last charge on the account covered purchases for the month of February, 1932. This suit was filed July 10, 1936. The account on its face prescribed more than one year prior to this date. Plaintiff may only escape the operative effect of prescription against the account by proving acknowledgment thereof by defendant or a payment thereon by him within three years of the filing of suit sufficient to interrupt the current of prescription. He carried the burden imposed by the related facts. Scott et al. v. Dickson, 148 La. 967, 88 So. 235; A. Schlenker, Liq., v. Taliaferro, 20 La. Ann. 565; John Offutt v. Chapman, 21 La. Ann. 293.

The account itself discloses the following credits thereon made subsequent to plain-

tiff's temporary retirement from the grocery business in February, 1932:

1932
February 29th............$15.00
March 26th...............25.00
May 1st..................5.00
October 4th..............2.00
August 14th...(1933).......5.00

The correctness of the first two credits is not disputed by defendant. The last three are specifically denied. Even if the correctness of the first two of these latter three were proven, this would not save the account from prescription because more than three years intervened between the date of the last one and the date of filing suit. Therefore the question turns upon the alleged payment of August 14, 1933. Plaintiff has no independent recollection of the date of the payment. He says it was made by defendant's wife to Mrs. Wise. Mrs. Wise could only recall that Mrs. Howard made some payments on the account to her at her home. She could not recall any specific amount of such payments or the dates when made. Plaintiff relied upon the entry of the credit in his ledger, but admitted that such entries were not invariably made contemporaneously with payments. It is certain defendant did not make the payment personally nor has he otherwise acknowledged the account's correctness. It is not contended that he did so, but it is contended that his wife made the payment on his behalf. She emphatically denies doing this. One fact tends to support her testimony. It was plaintiff's rule to issue receipts in duplicate for each payment made on accounts due him. He or his wife would give the customer one and retain one. Such receipts for payments, in some instances, were filed in evidence, but none to cover that of August 14, 1933, was filed. If the position of the parties were reversed, that is, if defendant were contending that he made the payment and plaintiff was, with equal positiveness, denying that he did so, plaintiff would prevail, in the absence of other evidence supporting the allegation of payment. We think the same rule applies here. It is simply a matter of proof. When the scales are evenly balanced by testimony of persons of equal credibility, the one carrying the burden of establishing a legal interruption of the current of prescription must be cast. And so we find here. Plaintiff has failed to establish any cessation in the running of prescription against his ac-

count during the three years immediately preceding the filing of suit, and therefore action thereon is now barred.

For the reasons herein assigned, the lower court's judgment is annulled, avoided, and reversed; the plea of prescription filed by defendant is sustained; and this suit dismissed at plaintiff's cost.