## JAREL v. MOON'S SUCCESSION.
### No. 5947.

Court of Appeal of Louisiana.
Second Circuit.

June 28, 1939.

Rehearing Denied July 17, 1939.

Henry F. Turner, of Shreveport, for appellant.

Ralph E. Halliburton, of Shreveport, for appellee.

DREW, Judge.

This is an appeal from a judgment sustaining a plea of estoppel.

Plaintiff, Fannie T. Jarel, brought this action seeking to be placed in possession as owner of 160 acres of land located in Bossier Parish, Louisiana, bearing the following description: Northwest Quarter (NW¼) of Section 13, Township 19, Range 11 West.

As a basis for this suit plaintiff sets up the following facts:

Fannie T. Jarel, a resident of the state of Minnesota, is the only child of Mary K. Moon, a resident of Iowa, and was, at the time of her mother's death on April 14, 1935, the only surviving descendant and forced heir. Mary K. Moon left a will in which she bequeathed all of her property, with the exception of $1,000 left her daughter, to her niece, Mrs. Esperanza Brice Churchill, of Kansas. She left property valued at $9,337.29, the above described realty composing all the property left by her located within this state. The value placed on the above described property by the inventory and the plaintiff's petition is $500.

Under the theory that she, under the laws of this state, is entitled to one third of her mother's property, wherever situated, plaintiff asks for possession of the entire property within the borders of Louisiana, alleging that under the terms of the will she is deprived of more than $2,000 of her legitime. As an alternative demand, plaintiff asks for one-third of the property found in this state.

The defendant filed pleas of compromise, estoppel and res judicata setting forth the facts that the plaintiff had filed an opposition to the probate of the will in Bedford County, Iowa, which contest was subsequently dismissed with prejudice. It appears that the basis of these pleas lies in the fact that the plaintiff voluntarily accepted the $1,000 bequest as full settlement of any claims that she might have to the property of her mother, which sum was paid to her only upon her agreement to permanently withdraw any opposition that she might urge to the probate of her mother's will.

■■ This action, however, is not brought in opposition to the probate of the will, nor does it attack the validity of the instrument in any manner. It is a well settled rule of law that any will in which a bequest exceeds the disposable portion is not void; the legacy is only subject to reduction. An attempt to enforce this right on the part of a forced heir is not, then, an attack upon the will itself, but is merely an effort to claim that which is due him, whether or not the will is valid. Article 1502, Revised Civil Code; Succession of Barth, 178 La. 847, 152 So. 543, 91 A.L.R. 408.

■■ It is evident, therefore, that we must reach a different conclusion than that reached by our learned brother below as a recognition of the validity of the instrument itself certainly cannot estop the plaintiff from bringing an action in reduction. The plea of estoppel should be overruled, unless we should find that the instrument executed by plaintiff at the time she dismissed her opposition to the probating of the will in Iowa was a renunciation of the succession. In her dismissal she specially ratified and confirmed said last will and testament and waived any claims she may have had against said estate. Plaintiff contends that there was no consideration for said waiver. It is unnecessary to discuss this phase of the case, for even though we should find the plea of estoppel is not well founded, the demands of plaintiff must be rejected on the merits. The plaintiff admits, and the inventory shows the property in Louisiana to be valued at $500. The plaintiff was given $1,000 under the terms of the will.

Article 10 of the Revised Civil Code provides:

"The form and effect of public and private written instruments are governed by the laws and usages of the places where they are passed or executed.

"But the effect of acts passed in one country to have effect in another country, is regulated by the laws of the country where such acts are to have effect."

Article 491 of the Revised Civil Code provides:

" * * * Persons who reside out of the State, can not dispose of the property they possess here, in a manner different from that prescribed by its laws."

As has been pointed out, it is not the contention of plaintiff in this action that the will is void, but that insofar as it affects the property situated in Louisiana, it exceeds the disposable portion and, under the terms of the article last quoted, is subject to reduction as it attempts to dis-

pose of property in a manner contrary to the laws of this state.

The first contention of plaintiff, that Louisiana should attempt to regulate the entire succession by giving to the plaintiff all of the property located in this state in order to attempt to compensate plaintiff for what she is supposed to have lost due to a defect in the laws of Iowa, is not sound. The courts of this state are interested in the dispositions of a non-resident testator's will only as affects immovable property located in this state.

In the matter of the Estate of Frances Parke Lewis, 32 La.Ann. 385, the court made the following statement:

"There can be no doubt, as held by our predecessors, that—when a person dies, leaving property in two or more States, his property in each state is—for the purpose of its administration—considered as a separate succession; * * *."

Any attempt on the part of a court to do otherwise would necessarily lead to a dilemna, as we would find courts in whatever states the property of the deceased was found, attempting to administer the entire estate of the deceased.

The plaintiff in this action was left a bequest exceeding the value of the property situated in Louisiana. The terms of Article 1493 of the Revised Civil Code provide:

"Donations inter vivos or mortis causa cannot exceed two-thirds of the property of the disposer, if he leaves, at his decease, a legitimate child; one-half, if he leaves two children; and one-third, if he leaves three or a greater number. * * *"

In the event there had been no bequest made in favor of Mrs. Jarel, the greatest amount she could have recovered in Louisiana would have been one-third of the value of the property located here, as the courts of this state will only attempt to regulate the effect of the will of Mrs. Moon insofar as it effects immovable property within this state. As far as the property located in this state was concerned, the plaintiff was not aggrieved, as she received a far greater amount than the one-third reserved to her under the laws of this state. The action must therefore be dismissed, with all costs to be borne by the plaintiff and appellant.

The judgment of the lower court is affirmed.