SAVOY, Judge.
Plaintiffs have appealed to this Court from a judgment of the district court maintaining a plea of thirty years liberative prescription filed by appellees under the provisions of LSA-C.C. Article 1030, and dismissing appellants’ suit.
The trial judge has correctly stated the facts in this case, with which appellants and appellees concur, and we adopt his statement of facts as our own, to-wit:
“This case is before the court on an exception of prescription. Plaintiffs instituted suit seeking to be decreed the owners of a combined undivided sixteen-sixtieth (^oth) interest in and to the property situated in Jefferson Davis Parish and described in Article 2 of the original petition. By supplemental and amending petition, plaintiffs request that a certain ex parte judgment signed by this Court on October 21, 1919, in the Successions of James Henneberry and Elizabeth Henne-berry, plaintiffs’ and defendants’ lineal ancestors, be declared null and void. Defendants resist plaintiffs’ action by filing an exception or plea of prescription, especially pleading the five years prescription of Revised Civil Code Article 3542 as a bar to a part of plaintiffs’ claim, and the thirty years prescription of Revised Civil Code Article 1030 as a bar to the entirety of plaintiffs’ claim.
“All plaintiffs and all defendants trace their ancestry to one James Heneberry, sometimes spelled Henneberry, who died in Dalton City, Illinois, on July 28, 1908. James Heneberry was married twice, first to Bridget Dalton, who died August 8, 1858, and secondly to Elizabeth Magner who died August 27, 1917. The property subject to this suit belonged to the second community, that is, the community existing between James Heneberry and Elizabeth Magner.
“Of the first marriage, one child was born, a son, David Heneberry, who died in 1929. David Heneberry was the father of plaintiffs, Mrs. Ana Ekiss, Mrs. Mary Ekiss, Will Heneberry and Emmett D. Heneberry, and these plaintiffs (sometimes referred to as the David Heneberry heirs) are here involved only to the extent that they inherit from James Heneberry through their deceased father.
“Five children were born of James Hene-berry’s second marriage, being Margaret H. Waddell, born Heneberry, Elizabeth H. Kinney, born Heneberry, Mary Agnes H. Bresman, born Heneberry, Ambrose Heneberry and Emma J. H. Kinney, born Heneberry. The remaining plaintiffs (other than David Heneberry heirs) are lineal descendants of Emma Jane H. Heneberry, and they are involved in this lawsuit to the extent that they inherit through her from both James Heneberry and Elizabeth Magner. These plaintiffs, whose names and genealogy are set out in the succeeding paragraph, will sometimes be referred to as the Emma Kinney heirs. Defendants are the lineal descendants of the remaining four children born of James Heneberry’s second marriage.
“Emma Jane H. Kinney married Edward Kinney and they had six children, Leo Kinney, Eva Kinney, Elizabeth A. Kinney, Ronella Kinney, Ambrose D. Kinney and James Raymond Kinney. Emma Jane H. Kinney died on February 8, 1924, leaving the six named children surviving her, and all of said children, with the exception of Ambrose D. Kinney, were of full age. Am-brose D. Kinney was born September 11, 1903, and was mentally incompetent and later interdicted. James Raymond Kinney, one of Emma’s six children died on December 11, 1936, leaving six minor children bom of his marriage with Anna Frances McClean, the names and birth dates of said children being as follows:
“(1) Mary Jane Kinney Rhoades, born March 29, 1917;
“(2) Louis Vincent Kinney, born September 7, 1918, and since deceased ;
*784 “(3) Irene Elizabeth Kinney Brock-amp, born May 29, 1920;
“(4) Edward McLean Kinney, born February 18, 1924;
“(5) Dorothy Rose Kinney Kroeger, born January 18, 1926;
“(6) James Raymond Kinney, born October 4, 1928.
“The record shows that on August 3, 1908, a certain C. A. Hight, filed a petition in Moultrie County, Illinois, declaring that James Heneberry died at Dalton City, Illinois, on July 28, 1908, and left as his heirs-at-law and legatees the following:

This said petition was served on all of the above names heirs and legatees by mail. On September 3, 1908, Elizabeth Heneberry asked that letters testamentary issue to her and she obtained the appointment on said date. On November 2, 1908, she filed an inventory of the succession assets, and on April 23, 1910, she filed her final account. The six above named children of James Heneberry were notified of the filing of said account by publication of the notice of said filing, which publication further notified the said children that a hearing on the account would be had on May 3, 1910. No further pleadings were filed in these matters until September 26, 1917, when David Heneberry filed a petition praying for appointment as Executor of the last will and testament of James Heneberry in order to dispose of several parcels of property owned by the estate and yet un-disposed. The application was granted and letters were issued to David Pleneberry subsequent to his taking proper oath of office and furnishing the requisite bond. On December 17, 1919, said Executor filed the final report of his administration of the Estate of James Heneberry. In that account he showed the sale of all remaining property in the State of Illinois, that the six children of James Heneberry were entitled to each receive $583.16 as each ones distributive share from the estate. A receipt signed by each of the six children of James Heneberry acknowledging the receipt of $583.16 accompanied the account and were made part of the record. The account was approved by the Court on January 6, 1920, and no further proceedings were had in such succession.
' “On August 27, 1917, Mrs. Agnes Bres-man and Mrs. Elizabeth Kinney filed a petition in Moultrie County, Illinois, asking for the appointment as Administra-trixes of the Estate of Elizabeth Hene-berry, who is recited to have died at Dalton City, Illinois, August 27, 1917. Of *785 interest and importance to this cause is the following recitation in said petition:
“ ‘That said deceased left surviving her Mrs. Agnes Bresman, Mrs. Elizabeth Kinney, Mrs. George Waddell, Mrs. Emma Kinney and Ambroise Henneberry, her children as heirs.’ ”
Mrs. Bresman and Mrs. Kinney took the oath of office and furnished bond for $6,-600.00 and were issued letters of administration. On February 21, 1919, the ad-ministratrixes filed a final report, which showed that each of the five children had received $539.40 as their distributive shares in the year 1918, most of which was derived from the $3,726.11 rice income from the Louisiana property in the year 1917, and that each of the children, with the exception of Margaret Waddell, were entitled to receive yet $585.30 from the deceased’s estate, the said Margaret Waddell being entitled to $485.29, since she had previously received an advance. Each of the said children issued their respective receipts for the amounts so received, and the receipts were made a part of the Estate proceedings.
“Although a document purporting to be the last will and testament of James Hen-neberry was attached to the petition filed by C. A. Hight as aforesaid, the Court in and for Moultrie County, Illinois, did not render any order, decree or judgment declaring said will to be truly proved in accordance with Illinois law, or ordering the execution of its dispositions, or recognizing any person as being entitled to the ownership of property, rights, credits or actions formerly belonging to James Henneberry, by virtue of the provisions or declarations contained in said document. Insofar as the record here is concerned, there is no proof that any person ever claimed any legacy under the will, nor are there any judicial recognition of legatees or legacies under the so-called will.
“On October 20, 1919, a petition styled Succession of James Henneberry and Elizabeth Henneberry, was filed in the 15th Judicial District Court in and for the Parish of Jefferson Davis, State of Louisiana, under probate docket number 443. The following recitations are made in the petition :
“‘The petition of AMBROSE M. HENNEBERRY, of Chicago, Illinois; MRS. MARGARET WADDELL, born Henneberry, wife of George M. Wad-dell of Kansas City, Missouri; MRS. ELIZABETH KINNEY, born Hen-neberry, wife of Daniel Kenney of Decatur, Illinois; and MRS. MARY AGNES BRESMAN, born Henne-berry, wife of Bernard Bresman, of Dalton City, Illinois, respectfully represent :
“ T.
“ ‘That James Henneberry, father of your petitioners, departed this life on the 28th day of July, A. D. 1908, leaving a Last Will and Testament, and that his widow, Elizabeth Henneberry, and mother of your petitioners, departed this life, intestate, on the 22nd day of August, 1917, and that their said deceased father and mother left surviving them as their SOLE AND ONLY HEIRS AND ISSUE OF SAID MARRIAGE YOUR PETITIONERS HEREIN AND NONE OTHER and that they are all of lawful age and are the same persons named in his Last Will and Testament.’ ” (Emphasis by Court)
In keeping with the rank mis-representa-tions contained in the first article, the prayer of the petition seeks judicial recognition of petitioners as heirs only and not as legatees under the will, as shown by the following language incorporated in said prayer, to-wit:
“ ‘ * * * and that your petitioners herein be recognized as the sole and only surviving heirs of their said deceased father, James Henneberry, and of their said deceased mother, Elizabeth Henneberry, born-, issue *786 of said marriage, and as such, entitled to the ownership of the above described property in the proportion of an undivided one-fourth (J4) to each, and in SAID CAPACITIES and in said proportions they be sent and placed in possession of said property * * * etc.’ ” (Emphasis by Court)
“The petition is accompanied by an affidavit (which was perjured) of Ambrose Henneberry, acknowledging the allegations therein contained to be true and correct, and an affidavit of a John Thorpe and J. H. Wehmhoff before Grace E. Hight, a Notary Public, in Dalton City, Illinois, on October 8, 1919, representing that petitioners, who are renamed in such affidavit, are the sole heirs of James Henneberry and Elizabeth Henneberry. These parties obviously knew that David Heneberry and Emma H. Kinney, were both heirs, yet they swore to the contrary. Attached to such petition are a typewritten copy of a document purporting to be the Will of James Henneberry, and certified copies of some of the probate proceedings filed in James Henneberry’s Estate proceedings in Moultrie County, Illinois. There are no copies of the probate proceedings filed in said county and state relating to the Estate proceedings of Elizabeth Henneberry.
“The estate of James Henneberry consisted, inter alia, of real or immovable property located in the States of Illinois and Louisiana. The will of James Henne-berry provided for the disposition of the property both within and without the State of Louisiana. That portion pertinent to the property situated in Louisiana is Item 3, which provides:
“ ‘To my beloved wife, Elizabeth Hen-neberry, I hereby give, devise and bequeath, for her use, during her natural life, all Real Estate, with which I may die seized, and at her death, I hereby direct that said Real Estate be disposed of as follows: To my beloved children, Mrs. Margaret Waddell, Mrs. Lizzie Dunn, Mrs. Mary Agnes Bresnan, and Ambrose Henneberry, I give, devise and bequeath the following described Real Estate, (with all appurtenances belonging therety): (here follows a description of the lands in dispute).’ ”
Item 3 of the will further provided:
“ ‘It is my will, that, after the death of my beloved wife, all the real estate with which I may die possessed, except that hereinbefore disposed of, shall be sold for cash by my executor hereinafter named to be my executor after the death of my beloved wife, as soon as may be and in the manner which may seem best by my said executor, and the proceeds of said sale, after all expenses of whatsoever kind, shall be paid, shall be divided equally among my beloved children, David Henneberry, Mrs. Emma J. Kinney, Mrs. Margaret Waddell, Mrs. Lizzie Dunn, Mrs. Mary Agnes Bresnan, and Ambrose Henneberry * * ” (Emphasis added)
On October 21, 1919, Judge Cline signed a judgment recognizing the named petitioners as the sole and only heirs at law of James Henneberry and Elizabeth Hen-neberry and sending them into possession of the disputed property. Judge Cline struck from the said judgment a statement ordering the will registered. It is, therefore, obvious that Judge Cline paid no attention to the will and relied on the affidavit of death and heirship and the allegations of the petitions when he signed the judgment. Had he known there were two other children, he would not have allowed them to be disinherited by his judgment.
“Had the above referred to affidavits set forth the true facts, namely, that instead of their being four children of James Hen-neberry, there were in fact six children, and instead of their being four children of Elizabeth Henneberry there were in fact five children, obviously the district judge, Hon. Jerry Cline, would not have signed a judgment sending and placing into possession the four ancestors in title of the defendants.
*787 “The property forming the subject matter of this litigation is farm land and is mostly suitable for the cultivation of rice. The land has been productive at all times here involved, and since 1941, a portion of the land was included in a field wide unit for the South Jennings Field, as a consequence of which the property has produced mineral income since 1941. * * * ”
Counsel for appellants, in their brief and in oral argument, have assigned four errors allegedly committed by the district judge in dismissing their suit. We shall take up the assignment of errors in the order in which they appear in this opinion.
In connection with the first assignment of error the record reveals that in 1919 the Successions of James and Elizabeth Hen-neberry were opened in Jefferson Davis Parish, Louisiana, affecting the real estate involved in this suit. The petition stated that Ambrose M. Henneberry, Mrs. Margaret Waddell, born Plenneberry, Mrs. Elizabeth Kinney, born Henneberry, and Mrs. Mary Agnes Bresman, born Henne-berry, were the sole heirs of the deceased parties named above; whereas, as a matter of fact, David Henneberry and Emma H. Kinney were also heirs. Attached to the petition were succession proceedings had in Illinois, which named all six parties as heirs of the decedents.
Counsel for appellants contend that because of the fraud perpetrated upon the court by the four first named heirs of James and Elizabeth Henneberry, the thirty years prescription should not have been invoked by the district judge. Also, that the recording of the judgment of possession 'in the Conveyance Records of Jefferson Davis Parish, Louisiana, benefited the ap-pellees and injured the appellants since third parties dealing with appellees in the execution of various leases and other transactions affecting the instant property did so on the basis of the judgment of possession and the law of registry as enunciated in the landmark case of McDuffie v. Walker, 125 La. 152, 51 So. 100.
Perjury by a litigant in whose favor judgment is rendered has been held to constitute fraud justifying an annulment of said judgment. Dare v. Myrick, (La.App., 2 Cir., 1964), 168 So.2d 845, and cases cited therein. In their supplemental petition, appellants have prayed that the succession judgment placing heirs in possession in the instant case should be annulled because of fraud.
It is true that Smith v. Tyson, 193 La. 571, 192 So. 61, 63 (1930), indicates that fraud may prevent the running of the prescription provided by LSA-C.C. Art. 1030, if the fraud is of such a nature that those pleading the prescription or their ancestors in title have done some fraudulent act which effectually prevents tire claimant from asserting his rights timely. In the present instance, however, the plaintiffs or the ancestors had the right to come in and accept the succession’s rights to the Louisiana land at any time within the thirty years, whether or not the ex parte judgment of possession had been signed based upon the perjured affidavit. There is no evidence that the plaintiffs or their ancestors had been misled to their detriment or induced by the fraudulent judgment of possession not to claim their rights. In fact, the plaintiff who testified, as well as the Illinois probate proceedings, indicates that the non-accepting heirs were at all times fully aware that the Louisiana land formed part of the estate property of the decedents.
We agree with the trial court that the annulment of the judgment of possession as fraudulent would not benefit the present plaintiffs. The prescription of LSA-C.C. Art. 1030, the sustaining of which we affirm herein, is not based upon the erroneous description in the judgment of possession of the four accepting heirs as the decedent’s sole heirs; that prescription rather is based upon the inaction of the non-accepting heirs to accept the succession formally or tacitly for a period of thirty years, which are the facts in the instant case.
*788 In the case of Dugas v. Powell, 207 La. 316, 21 So.2d 366, our Supreme Court has held that the doctrine of McDuffie v. Walker, supra, and the provisions of LSA-C.C. Article 2266 do not apply to forced heirs.
In Taylor v. Williams, 162 La. 92, 110 So. 100, the Supreme Court of this State lield that an ex parte judgment placing iheirs in possession of an estate, is not con•clusive against adverse claims, but is only prima facie evidence of the legal heirs right to possess against a trespasser or a stranger. We conclude that the first assignment of error is without merit.
The next assignments of error are so ■'interrelated they will be discussed together, •and are that the trial judge should have 'held that the opening of the Illinois succession and the acceptance by the heirs in that :State had the effect of having the heirs accept the succession in Louisiana; and, accordingly, LSA-C.C. Art. 1030 would not •be applicable to the instant case.
In the case of Succession of Martin, (La.App., 2 Cir., 1962), 147 So.2d 53, writs denied, the courts held that when a person dies leaving property in two or more states, his property in each state, is, for the purpose of administration, considered as a separate succession. Other cases on the subject are Jarel v. Moon’s Succession (La.App., 2 Cir., 1939), 190 So. 867; In Re Lewis, 32 La.Ann. 385; Succession of Taylor, 23 La.Ann. 22; Atkinson v. Rogers, 14 La.Ann. 633; Agee v. Brent, 132 La. 821, 61 So. 837; and, Clark v. Hedden, 109 La. 147, 33 So. 116.
By virtue of the above authorities, we hold that the acceptance of the succession of their father and mother, James Henneberry and Elizabeth Henneberry, in Illinois, by David Henneberry and Emma H. Kinney, did not of itself constitute an acceptance of the succession of these parties in Louisiana, and that some act on their part would be necessary to constitute an acceptance of the succession of their father and mother in Louisiana.
The last assignment of error is that the court was in error in holding that prescription had not been interrupted as to some of the heirs who were minors in view of LSA-C.C. Articles 352 and 977.
These articles state the following:
Article 352.
“It shall not be necessary for minor heirs to make any formal acceptance of a succession that may fall to them, but such acceptance shall be considered as made for them with benefit of inventory by operation of law, and shall in all respects have the force and effect of a formal acceptance.”
Article 977.
“No one can be compelled to accept a succession, in whatever manner it may have fallen to him, whether by testament or the operation of law. He may therefore accept or renounce it.
“It shall not be necessary for minor heirs to make any formal acceptance of a succession that may fall to them, but such acceptance shall be considered as made for them with benefit of inventory by operation of law, and shall in all respects have the force and effect of a formal acceptance.”
It is conceded that the two non-accepting heirs (David Henneberry and Emma H. Kinney) were majors at the times of the respective deaths of James and Elizabeth Henneberry, the decedents, and that the prescription of thirty years under LSA-C.C. Art. 1030 commenced to run against these non-accepting heirs at the time of their parents’ deaths. However, these non-accepting heirs died before the thirty years had completely run. Their right to accept or reject the succession was then transmitted to their heirs (or, upon the decease of these latter, to their heirs, if the thirty years had not yet elapsed). See LSA-C.C. Art. 1007. The appellants suggest that the heirs of the heirs are consider *789 ■ed to have accepted their grandparents’ and •great-grandparents’ succession, if these lieirs of heirs were minors, at the time they succeeded to their own parents’ right to accept the grandparents’ succession.
If the minority merely suspended prescription, which then commenced running •again when the minors attained majority, a full thirty years had elapsed before the lieirs of the original non-accepting heirs •attempted to accept the succession.
However, the appellants strenuously urge that the minor heirs, when called to the -succession of the original non-accepting lieirs, are deemed by law to have accepted -the successions of their ancestors before the 'thirty years elapsed, under the provisions of LSA-C.C. Arts. 352 and 977, to the effect that minor heirs are deemed by law to ■accept with benefit of inventory the successions of which they are heirs. Appellants thus urge that the minority of the lieirs of the original heirs did not merely •suspend prescription (in which event, the thirty years’ total accrued upon these -minors attaining majority) but, instead, that their minority (at the time they became •entitled to accept their ancestors’ succession) entitled them, under our Civil Code, 'to be considered as having accepted with “benefit of inventory at the time these minors Recame entitled to accept their ancestors’ ■succession, i. e., upon the death of intermediate heirs who died subsequent to the ■death of the ancestors.
In Lee v. Jones, 224 La. 231, 69 So.2d 26, the Supreme Court did indeed flatly Rold, expressly overruling decisions to the ■contrary, that a minor heir of a decedent is deemed to accept that decedent’s succession by virtue of the code provisions in question. It further held that this acceptance at the time of the decedent’s death prevents from running prescription under LSA-C.C. Art. 1030 for non-acceptance of that decedent’s succession. However, we think that the decision in that case (especially on rehearing) also indicates plainly that, when a major heir of the decedent has not previously accepted the decedent’s succession and then dies before the thirty years under LSA-C.C. Art. 1030 has run, a minor heir of that non-accepting heir is not, by reason of his minority, considered to have accepted the original decedent’s succession (of which the minor was not a heir at the time of the original decedent’s death). Such minority, under the law then in force, merely instead suspended the minor heir’s right to accept or reject the succession, which right had been transmitted to the minor by the death of the non-accepting heir of the original decedent.
This, of course, is the result reached in Sun Oil Co. v. Tarver, 219 La. 103, 52 So.2d 437. The ruling in Sun Oil v. Tarver, supra, was approved in Lee v. Jones, supra, on rehearing. The Supreme Court thus seems to have held that by reason of minority a minor heir is considered to have accepted a succession when he is the heir of the decedent at the time of the latter’s death; but, on the other hand, a minor is not considered as accepting the decedent’s succession when the minor was not originally an heir of the decedent but has merely inherited the right of an original heir to accept such succession. For present purposes then, in the latter instance, the minor is not an heir of the original decedent’s succession; instead, the minor has merely been transmitted the previously unexercised right of an heir of the decedent to accept the latter’s succession (the minors being heirs of the heirs of the decedent, not heirs of the decedent himself).
We find, therefore, that the original decedents’ successions are not legally considered as having been accepted by reason of the minority of those to whom was transmitted the rights of the original non-accepting heirs to accept the decedents’ estate. Since their minority at the most merely suspended prescription (we do not at this point take into consideration the possible effect of subsequent amendments of LSA-C.C. Art. 3541), the full thirty years from the original decedents’ death had elapsed without the plaintiffs or their ancestors in *790 title having accepted the decedents’ succession.
In the leading cases on the subject, Sun Oil Co. v. Tarver, supra, and Lee v. Jones, supra, the Supreme Court of this State held that, as against a co-heir who accepted the succession timely, an heir who fails to accept a succession within thirty years from the death of his ancestor, under the provisions of LSA-C.C. Art. 1030, therefore loses his faculty to accept the succession and becomes a stranger to it. See Comment, 14 La. Law Rev. 866-876 (1954).
In Sun Oil v. Tarver, supra, the court made the following statement:
“ * * * it being settled that it is incumbent upon the party relying upon the interruption or suspension of prescription to establish the facts upon which the interruption or suspension is founded. Scott v. Dickson, 148 La. 967, 88 So. 235.”
Appellants have not carried the burden of proof imposed on them by law. There is no showing in the record that any one of them have accepted the Succession of James and Elizabeth Henneberry either expressly or tacitly during the thirty-year period following the death of the decedents.
On the other hand, we have numerous acts on the part of appellees after the deaths of James and Elizabeth Henneberry showing, in our opinion, a formal acceptance of said successions, and if not a formal acceptance, certainly a tacit acceptance, which is all that is required under our jurisprudence.
For the written reasons assigned, the judgment of the district court is affirmed at appellants’ costs.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.
HOOD, J., recused.