LOTTINGER, Judge.
This is a suit by Nancy J. Sachnowitz, natural tutrix of Nancy Katherine Nelson, Anne Schreiner Nelson and Strauder Goff Nelson, III, forced heirs of Strauder Goff Nelson, Jr., against the legatee, Carolyn Moffitt Henderson Nelson and the Fidelity National Bank of Baton Rouge (Fidelity), trustee, for the partial termination of a trust. From a judgment concluding that the trust was terminated to the extent of two-thirds as of July 15,1974, and assessing Fidelity for all costs, Fidelity has appealed.[1]
The record points out that Strauder G. Nelson, the father of Strauder Goff Nelson, Jr., died on July 26, 1972, domiciled in San Antonio, Texas, and leaving property in both Louisiana and Texas. He was survived by three children. That portion of his estate bequeath to Strauder Nelson, Jr. both in Texas and in Louisiana was left in trust, with Strauder Nelson, Jr. being the income beneficiary of the Texas trust of all *896 income remaining after the payment of charges and expenses incurred in the administration of the trust as well as the establishment of a reserve payable quarterly or other convenient installments. Fidelity is the trustee of the Louisiana trust and was to hold the property for ten years and to cumulate the funds except for $300.00 to be distributed to Strauder Nelson, Jr.
Strauder Nelson, Jr. died on July 15, 1974, and plaintiff contends that pursuant to LSA-R.S. 9:1832 and 9:1841(3) the Louisiana trust of that portion of the property constituting the legitime of Strauder Nelson, Jr. terminated on his death and an undivided two-thirds of said trust property became free of all restrictions of the trust instrument creating such trust.
Fidelity argues that the legitime of Strauder Nelson, Jr. was satisfied by the bequest of an income interest in property outside of Louisiana held in trust for him for life.
The trial judge concluded that since the only interest acquired by Strauder Nelson, Jr. in the Texas trust was that of an income beneficiary, under LSA-R.S. 9:1845, his leg-itime was satisfied to the same extent as that of a usufruct, and thus an undivided two-thirds of the trust terminated and became free of all restrictions.
The question before the court is whether an income interest in a Texas trust can satisfy the rights of a nonresident forced heir under Louisiana law?
We hold it cannot.
The determination of Strauder G. Nelson, Jr.’s forced portion as an heir of his father is computed by the value of the property located in Louisiana only, however, the total bequest to Strauder Nelson, Jr., wherever located, can satisfy the amount of the forced portion. Jarel v. Moon’s Succession, 190 So. 867 (La.App. 2nd Cir. 1939). Thus, if the legitime of Strau-der Nelson, Jr. held in trust by Fidelity was not satisfied by any bequest outside of Louisiana, the trust must fall under the provisions of LSA-R.S. 9:1832 and 9:1841(3).
The only bequest "to Strauder Nelson, Jr. outside of Louisiana was in a Texas trust, wherein he was only an income beneficiary.
LSA-R.S. 9:1845 provides that “an unconditional income interest in the trust, without an interest in principal, payable not less than annually for a term or for the life of the beneficiary satisfies the legitime to the same extent as would a usufruct of the same property for the same time period”. Thus, we must conclude that by the adoption of this section, the legislature has determined that an income interest in trust is synonymous with a usufruct as far as the satisfaction of the legitime is concerned.
Since a usufruct cannot satisfy the legitime, Succession of Williams, 184 So.2d 70 (La.App. 4th Cir. 1966) writ refused, 250 La. 748, 199 So.2d 183 (1967), neither can an unconditional income interest in a trust, irrespective of where the trust may be located.
Fidelity further argues the trial judge erred in assessing it for all costs citing LSA-R.S. 9:2091.
LSA-C.C.P. art. 1920 allows the trial judge to assess costs against either party as he may consider equitable. We find no abuse of discretion.
Therefore, for the above and foregoing reasons the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.

. Defendant, Carolyn Moffitt Henderson Nelson, adopted the position of the plaintiff and has not appealed.