CRAIN, J.
| gThis is an appeal of a judgment granting a summary judgment in this succession proceeding and dismissing the claims of certain alleged heirs. We affirm.
FACTS AND PROCEDURAL HISTORY
George Matthews Sr. (Matthews) died intestate in 1930, and his succession was judicially opened in 1932; however, no judgment of possession was rendered in that proceeding. In 1972, the combined successions of Matthews and Frances Taylor Matthews were judicially opened, and then consolidated with the 1932 proceeding. The petition in the 1972 proceeding asserted that Matthews and Frances Taylor were each married once, to each other, and that nine children were bom of their marriage. On May 8, 1972, a judgment of possession was rendered in the consolidated proceeding, recognizing descendants of the nine children named in the petition as the sole heirs and descendants of Matthews and Frances Taylor, and sending them into possession of the succession property.
In 2002, a petition to reopen the succession was filed by Horace Johnson, who alleged that he was a legal heir of Matthews, and that he had discovered that certain property had been omitted from the succession. It appears that the succession was reopened.. In 2003, individuals claiming to be legal heirs of Matthews and Frances Taylor,, who were not included in the succession proceeding initiated by Horace Johnson, filed a motion seeking to be recognized as Matthews’ heirs. A judgment was signed declaring them to be descendants of Matthews; however, that judgment was vacated shortly thereafter by a stipulated judgment that also granted a motion for new trial.
Thereafter, others claiming to be descendants of children fathered by Matthews outside of marriage, filed pleadings seeking to be recognized as heirs. In a prior opinion, this court held that those inheritance claims were barred by operation of peremption because no timely filiation action had been asserted. In re Succession of Matthews, 13-1325 (La.App. 1 Cir. 5/2/14), 145 So.3d 1039, 1042, writs denied, 14-1121 (La. 9/19/14), 148 So.3d 954 and 14-1148 (La. 9/19/14), 149 So.3d 243. Those alleged descendants then filed a petition for alimony pursuant to Aticle *550 919 of the Louisiana Civil Code of 1870, which the trial court denied.
Additionally, alleged descendants of Matthews’ siblings (the collateral heirs) filed pleadings asserting their own inheritance rights. They claim that a marriage license proves that Matthews married Elie Tailor, and that there was no valid marriage between Matthews and Frances Taylor. Thus, they contend that Matthews died without legitimate or legitimated children, and therefore, as collateral heirs, they are entitled to inherit the succession property. The collateral heirs assert that the 1972 judgment of possession is absolutely null due to “patent defects in the proceedings.”
The Succession Administrator, acting on behalf of the heirs placed into possession by the 1972 judgment, filed a motion for summary judgment seeking dismissal of the claims urged by the collateral heirs on the basis that their claims are barred by liberative prescription and are meritless, as Matthews acknowledged his marriage to Frances Taylor in a recorded act of mortgage. The collateral heirs opposed the motion, contending that Matthews’ alleged marriage to Frances Taylor was an absolute nullity because there is no evidence that Matthews divorced Elie Tailor. They further argued that their claims had not prescribed because the reopening of the succession by Horace Johnson and the subsequent judgment resulted in the commencement of a new prescriptive period. Also, noting that prescription does not run against an absolutely null judgment, they argued that the 1972 judgment of possession was an absolute nullity. The collateral heirs then filed a petition to nullify the judgment of possession based on the alleged invalidity of Matthews’ marriage to Frances Taylor. They also filed their own motions for summary judgment, seeking a declaration that George Matthews and Frances Taylor were not married, that the ^children of Frances Taylor were not legitimately filiated to Matthews, and that the descendants of Frances Taylor are not Matthews’ lawful heirs.
After a hearing on all of these matters, the trial court granted summary judgment in favor of the Succession Administrator, denied the cross-motions for summary judgment, and dismissed the claims asserted by the collateral heirs. In written reasons, the trial court explained that it found no genuine issue of material fact regarding Matthews’ marriage to Frances Taylor. Based on the evidence submitted, the trial court found that there could be no conclusion that Matthews was married to Frances Taylor and Elie Tailor at the same time as had been asserted;, therefore, the trial court rejected the collateral heirs’ claim that Matthews’ marriage to Elie Tailor was a legal impediment to a valid marriage to Frances Taylor.
The collateral heirs now appeal, contending that the trial court erred in granting the motion for summary judgment and dismissing their claims,[1]
*551 JURISDICTION
■ This court’s appellate jurisdiction extends to final judgments that determine the merits in whole or in part. La. Code Civ. Pro. arts. 1841 and 2083. A judgment that only partially determines the merits of an action is a partial judgment and is appealable only as authorized by Louisiana Code of Civil Procedure article 1915. Rhodes v. Lewis, 01-1989 (La. 5/14/02), 817 So.2d 64, 66. Appellate courts have a duty to examine their subject matter jurisdiction sua sponte, even if the litigants do not raise the issue. Tower Credit, Inc. v. Bradley, 15-1164 (La.App. 1 Cir. 4/15/16), 194 So.3d 62, 64. Accordingly, this court, ex proprio motu, issued a rule to show cause why this appeal | ^should not be dismissed as having been taken from a partial judgment that was not designated as final pursuant to Article 1915. The parties filed briefs contending that the judgment was not a partial judgment requiring designation. Nonetheless, the parties also submitted an amended judgment that is now designated as final, with which the record has been supplemented. After reviewing the amended judgment’s decretal' language, as well as the Article 1915 designation, we maintain the appeal.
DISCUSSION
A motion for summary judgment shall be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. Code Civ. Pro. art. 966 B(2).[2] The summary judgment procedure is favored and is designed, to secure the just, speedy, and inexpensive' determination of every action. See La. Code Civ. Pro. art. 966 A(2). In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is, appropriate. Reynolds v. Bordelon, 14-2371 (La. 6/30/15), 172 So.3d 607, 610.
The burden of proof is on the mover. See La. Code Civ. Pro. art. 966 C(2). However, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion, the mover’s burden does not require that all essential elements of the adverse party’s claim, action, or defense be negated. Instead, the mover must point out to the court that there is an absence of factual support. for one |fior more elements essential to the adverse party’s claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled, to summary judgment as a matter of law. La. Code Civ. Pro. art, 966 C(2); Temple v. Morgan, 15-1159 (La.App. 1 Cir. 6/3/16), 196 So.3d 71, 76.
A summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that- time. La. Code Civ. Pro. Art. 966F(1). The Succession Administrator’s motion for summary judgment set forth the issues of prescription and the validity of Matthews’ marriage to Frances Taylor. The trial court’s written reasons *552 reflect that the trial court rendered its judgment based on the validity of the marriage issue. Nonetheless, since summary judgments are reviewed on appeal de novo, all issues raised in the motion are subject to appellate review. See Robertson v. Doug Ashy Bldg. Materials, Inc., 14-0141 (La.App. 1 Cir. 12/23/14), 168 So.3d 556, 583 n.29, writ denied, 15-0365 (La. 4/24/15), 169 So.3d 364. Accordingly, the issue of prescription is properly considered in this appeal.
The law in effect at the time of the decedent’s death controls the substantive rights of inheritance in and to the succession property. In re Succession of Beard, 13-1717 (La.App. 1 Cir. 6/6/14), 147 So.3d 753, 762; Breaux v. Cozy Cottages, LLC, 14-486 (La.App. 3 Cir. 11/12/14), 151 So.3d 183, 188; see also La. Civ. Code art. 870B (providing, in pertinent part, that intestate succession rights are governed by the law in effect on the date of the decedent’s death).[3] At the time of Matthews’ 17death in 1930, Louisiana Civil Code article 1030 (1870) provided “The faculty of accepting or renouncing a succession becomes barred by the lapse of time required for the longest prescription of the rights to immovables.” That time period was thirty years. La Civ. Code art. 3548 (1870) (“All actions for immovable property, or for an entire estate, as a succession, are prescribed by thirty years.”); Succession of Lapene, 233 La. 129, 96 So.2d 321, 326 (La. 1957). The prescriptive period began at the time of the decedent’s death.[4] See Sun Oil Co. v. Tarver, 219 La. 103, 52 So.2d 437, 439 (1951); Breaux, 151 So.3d at 188; Kinney v. Waddell, 171 So.2d 782, 788 (La.App. 3 Cir. 1965).
Matthews died in 1930. More than seventy years lapsed before the collateral heirs asserted their inheritance claims. Therefore, on its face, the record supports the Succession Administrator’s plea of prescription. On the motion for summary judgment, the burden then shifted to the collateral heirs to establish an interruption or suspension of the prescriptive period. See La. Code Civ. Pro. Art. 966C(2); Sun Oil Co., 52 So.2d at 440.
The collateral heirs have asserted that the heirs who were put into possession by the 1972 judgment of possession committed fraud or ill practices by filing pleadings asserting a valid marriage between Matthews and Frances Taylor. The supreme court recognized the possibility of fraud preventing the running of the prescriptive period established by Article 1030 *553 (1870), if the fraud was of such a nature that those pleading prescription or their ancestors in title had committed some fraudulent act that effectively prevented the claimants from timely asserting their | slights. See Smith v. Tyson, 193 La. 571, 192 So. 61, 63 (1939); Kinney, 171 So.2d at 787. Although the collateral heirs contend that the court was supplied fraudulent information on which it relied in rendering the 1972 judgment of possession, the collateral heirs have not alleged that the heirs placed into possession committed any fraudulent acts that prevented their ancestors from asserting their rights to the succession. Compare Kinney, 171 So.2d at 787. More importantly, the allegedly fraudulent pleadings were filed more than thirty years after Matthews’ death, and therefore, after the prescriptive period for assertion of the collateral heirs’ claims had passed.[5]
The collateral heirs have further claimed that the reopening of the succession proceedings by Horace Johnson in 2002 resulted in a new thirty-year prescriptive period for their inheritance claims, citing current Louisiana Code of Civil Procedure article 3393, which provides that the procedure for an original administration shall apply to the administration of a reopened succession. This argument is without merit. At the time of Matthews’ death, Article 3393 was not in effect, although the reopening of a succession was permitted. See Succession of Quaglino, 223 La. 171, 65 So.2d 127, 129 (1953). In any event, the collateral heirs have cited no authority holding that the reopening of a succession amounts to a renunciation of prescription already accrued. The reopening of the succession did not operate to revive their prescribed claims.
Another argument advanced by the collateral heirs is that the 1972 judgment of possession is an absolute nullity, against which prescription does not run. See La. Code Civ. Pro. art. 2002; Smith v. LeBlanc, 06-0041 (La.App. 1 Cir. 8/15/07), 966 So.2d 66, 71. However, the validity of the 1972 judgment of possession has no 13bearing on the timeliness of the collateral heirs’ rights to assert their inheritance claims. This argument is also without merit.
Finally, it has been argued that the thirty-year prescriptive period is inapplicable to the collateral heirs’ claims because of well-settled law that coheirs do not, as a general rule, acquire or lose by prescription against each other. See In re Succession of Helms, 15-0851, 2015 WL 9436168 (La.App. 1 Cir. 12/23/15). Here, however, the collateral heirs and those placed into possession by the 1972 judgment of possession are not “co-heirs” or “co-owners” of the succession property. This is clear from the collateral heirs’ own pleadings, in which they assert that those placed into possession by the 1972 judgment of possession are not legitimate heirs who were entitled to inherit, and that the entirety of the succession should have passed to Matthews’ siblings, i.e., the collateral heirs. This argument is without merit.
The record establishes on its face that the collateral heirs are barred by the thirty-year prescriptive period of Article 1030 (1870) from asserting their inheritance claims. The collateral heirs have not shown any suspension or interruption of the prescriptive period, or renunciation of the accrued prescription. The Succession Administrator was entitled to summary judgment dismissing the collateral heirs’ claims. Con *554 sequently, we do not consider the parties’ arguments regarding the validity of Matthews’ marriage to Frances Taylor.
CONCLUSION
The judgment of the trial court is affirmed. Costs of this appeal are assessed equally to the appellants.
APPEAL MAINTAINED; JUDGMENT AFFIRMED.
Holdridge, J., dissents and assigns reason

. As part of this appeal, the descendants of the children allegedly fathered by Matthews outside of marriage have filed a brief challenging the trial court’s denial of their petition for alimony, which ruling was made in the same judgment granting the summary judgment being appealed by the collateral heirs. In order to obtain a beneficial modification of the trial court’s judgment, a party must either appeal independently or answer another party’s appeal. See La. Code Civ. Pro. art. 2133; In re Succession of Seal, 15-0855 (La.App. 1 Cir. 12/23/15), 185 So.3d 791, 793 n.2. Since the alleged descendants complaining of the denial of their petition for alimony have neither answered the appeal nor filed their own separate appeal, we consider their brief only as one filed by an appellee, and do not address the assignments of error raised therein.

. Louisiana Code of Civil Procedure article 966 was amended and reenacted by Acts 2015, No. 422, § 1, with an effective date of January 1, 2016. The amended version of Article 966 does not apply to any motion for summary judgment pending adjudication or appeal on the effective date of the Act; therefore, we refer to the former version of the article in this case. See Acts 2015, No. 422, §§ 2 and 3,

. This provision in Article 870 was enacted by La. Acts 2001, No. 560, which provides that "this Act shall not apply to successions which have been judicially opened prior to the enactment of this Act.” La. Acts 2001, No. 560, § 3. Although the succession in this case was judicially opened before the effective date of the act, this particular provision in Article 870 is nevertheless consistent with the jurisprudence that mandates that the law in effect on the date of the decedent’s death controls the substantive rights of inheritance in and to the succession property. In re Succession of Beard, 147 So.3d at 762 n.8.

. Currently, Louisiana Civil Code article 3502 provides that "An action-for the recognition of a right of inheritance and recovery of the whole or a part of a succession is subject to a liberative prescription of thirty years. This prescription commences to run from the day of the opening of the succession.” Comment (d) of the Official Revision Comments to Article 3502, which is not law, but is helpful in determining legislative intent, references Article 934 of the Louisiana Civil Code of 1870 for determining the day of "opening of the succession.” See Central Properties v. Fairway Gardenhomes, LLC, 16-0111 (La.App. 1 Cir. 9/16/16), 204 So.3d 240, 252-53 (2016 WL 4956713). Article 934 (1870) provided "The succession, either testamentary or legal, or irregular, becomes open by death or by presumption of death caused by long absence, in the cases established by law.”

. Our analysis here is limited to the claims asserted by the collateral heirs, which were dismissed by the summary judgment before us in this appeal. The propriety of other judgments or claims in this proceeding are not before us and are not considered herein.