SAVOY, Judge.
Plaintiffs have appealed to this Court from a judgment of the district court maintaining an exception of no cause of action and exception of no right of action filed by defendants rejecting their demands and dismissing their suit.
The record in the instant case does not contain the judgment of the district court, and according to the Minutes found in the record, the district judge never did sign a final judgment dismissing plaintiffs’ suit.
Article 543 of the Louisiana Code of Practice which governed at that time, provides in part that all judgments must be read, rendered and signed by the judge in open court. According to the Minutes found in the record in the instant case, the judgment was rendered on October 5, 1961, but there is no Minute Entry to the effect that a decree was read and signed. Even under the provisions of the Louisiana Code of Civil Procedure, which became effective January 1, 1962, Article 1911 of said LSA-Code of Civil Procedure provides except as otherwise .provided by law, all final judgments shall be read and signed by the judg'e in open court.
In the case of Frazier v. Muse, (Ct.App., 1 Cir., 1956), 88 So.2d 729, the Court said:
“It is now the well-settled jurisprudence of this State, that no appeal lies from a judgment before it is signed; in such a case the judgment is inchoate, and the appeal premature * * (Citations omitted.)
An appeal taken before signing of a judgment is premature and must be dismissed ex proprio motu. Fidelity and Casualty Company of New York v. Callicott, (Ct.App., 1 Cir., 1955), 83 So.2d 671.
For the reasons assigned, the appeal herein is dismissed without prejudice at the costs of plaintiffs-appellants.
Appeal dismissed.