SAVOY, Judge.
Plaintiffs, as the heirs of George C. Sar-ver, Sr. and his wife, Nancy Perry Sarver, both deceased, (including the heirs of George C. Sarver, Sr.’s son, Alcibier Sar-ver) filed this suit against defendants to set aside three intra-family sales of real property made by (1) George C. Sarver, Sr. to Alcibier Sarver by deed dated March 24, 1892; (2) Alcibier Sarver to Hatter Sarver by deed dated November 25, 1899; and (3) Hatter Sarver to George C. Sarver, Jr. by deed dated December 6, 1902, as being donations in disguise. Defendants in the instant suit are the heirs of George C. Sarver, Jr. and Hatter Sarver. The deeds in the sales made by George C. Sarver, Sr. to Alcibier Sarver, and by Alcibier Sarver to Hatter Sarver purport to transfer title to an 85-acre tract of land in Acadia Parish. The deed in the sale made by Hatter Sarver to George C. Sarver, Jr. affects and relates to a portion of the land described in the other two deeds.
For a cause of action plaintiffs alleged that whereas the recited consideration in the sale from George C. Sarver, Sr. to Alci-bier Sarver was the sum ’of $3,300.00, actually the vendee did not pay anything for the property. That at the time of the purchase he was in destitute circumstances; that the real estate described in the first mentioned sale was the only property George C. Sarver, Sr. owned on the date he made the donation in disguise to his son; and, that under Article 1497 of the LSA-Revised Civil Code of Louisiana, said sale was a nullity.
Plaintiffs alleged further that from the time of the alleged sale on March 24, 1892, George C. Sarver, Sr. remained in possession of said property until his death in 1911, and since 1920 Hatter Sarver and George C. Sarver, Jr. and/or their heirs remained in possession of said property.
As to the sale from Alcibier Sarver to Hatter Sarver, plaintiffs alleged that whereas the deed recited a consideration of $235.00, in truth, no consideration was paid by the vendee. That the vendor owned no other property at the time of the sale and it was a donation in disguise.
Plaintiffs also allege that the purported sale from Hatter Sarver to George C. Sarver, Jr. was also a donation in disguise because there was no consideration for same.
Plaintiffs allege further that the parties to the alleged sales knew that they were donations in disguise.
Defendants filed the following exceptions and pleas in bar of said suit, to-wit:
1. Plea of Laches;
2. Exception of Misjoinder of Parties Plaintiff;
3. Exception of No Cause of Action;
4. Exception of No Right of Action;
5. Plea of 30 years Prescription.
*692 After a hearing on the pleas and exceptions, the trial judge referred the pleas to the merits and overruled the exceptions of no cause and no right of action.
Defendants filed additional exceptions of no right and no cause of action based on allegations made in the exceptions that the vendees, Hatter Sarver and George C. Sarver, Jr., purchased said property relying on the conveyance records of Acadia Parish, Louisiana; that these vendees are third parties and are not bound by the secret equities which existed between George C. Sarver, Sr. and Alcibier Sarver in the original sale of the property described in the instant case.
The trial judge sustained the latter exceptions of no cause and no right of action filed by defendants and rejected plaintiffs’ demands and dismissed their suit. Plaintiffs appealed the case to this Court. The appeal was dismissed La.App., 137 So.2d 431 because the record did not contain a judgment signed by the district judge. The judgment was subsequently signed by the trial judge. A new appeal followed.
The district judge dismissed plaintiffs’ suit and cited as his authority for doing this the case of Dugas v. Talley, (La.Ct.App., 1 Cir., 1959), 109 So.2d 300.
We note that while plaintiffs in the instant suit have asked to set aside the sale from Hatter Sarver to George C. Sarver, Jr., they did not ask for this relief in their prayer. However, under the provisions of LSA-C.C.P. Article 862, the Court may grant to plaintiffs the relief to which they are entitled even if they have not prayed for it in their petition. See Poynter v. The Fidelity and Casualty Company of New York, (La.Ct.App., 3 Cir., 1962), 140 So.2d 42.
In the Dugas case, supra, the plaintiffs, alleging themselves to be the forced heirs of John Talley, Sr., filed suit against the heirs of William Talley and their transferees to set aside two acts of sale of the same property that John Talley, Sr. executed to William Talley, in 1930 and 1933. William Talley died in 1935, and in his succession, the property was allocated to his son, John W. Talley. The son sold it to Mitchell Talley, and on June 26, 1948, it was adjudicated to John B. Talley. Hence, in addition to the heirs of William Talley, the plaintiffs made Mitchell Talley and John B. Talley defendants. Mitchell Talley and John B. Talley, who was the tax adjudi-catee of the property, filed exceptions of no right or cause of action, alleging they were innocent third party purchasers of the property, who purchased it in good faith, relying on the public records of St. Martin Parish. The district court maintained the exceptions. The judgment of the district court was affirmed on appeal. In affirming the judgment of the district court, the Court of Appeal held that defendants were third parties in good faith purchasing on the faith of the public records. The court cited in support of its findings the case of McDuffie v. Walker, 125 La. 152, 51 So. 100.
The Dugas case, supra, is distinguishable from the instant case for the reason that in that case defendants were third parties in good faith and were protected by the public records of St. Martin Parish, Louisiana, under the principles of law enunciated in the landmark case of McDuffie v. Walker, supra. In the instant case, defendants are claiming by inheritance from George C. Sarver, Jr. and Hatter Sarver, both of whom are alleged to be parties to two of the deeds sought herein to be annulled, and thus they are not third parties in good faith for purposes of this litigation. Defendants are in no better position than their ancestors would be if they were alive and defendants in the instant case.
We are of the opinion that the petition does state a cause of action.
Counsel for defendants has discussed in-his brief the plea of 30 years prescription. We note that the trial judge referred said plea to the merits, and this *693 plea is not before us on this appeal. Evidence will be required on this plea, and we cannot rule on same until the trial judge has disposed of it on the merits of the case.
For the reasons assigned, the judgment of the district court maintaining the exceptions of no cause and no right of action is hereby reversed, annulled and vacated, and the case is remanded to the lower court for further proceedings not inconsistent with the views expressed herein.
Reversed and remanded.