SAVOY, Judge.
Plaintiffs have appealed from a judgment of the district court maintaining a plea of thirty years prescription filed by defendants under the provisions of LSA-C.C. Article 1030.
This matter is before this Court for the third time. When the plaintiffs first appealed the case, the record did not contain a signed judgment by the district judge. For that reason we dismissed the appeal ex proprio motu. Doucet v. Landry (La.App., 3 Cir., 1962), 137 So.2d 431. There was a second hearing in the district court on an exception of no cause of action and an exception of no right of action. These exceptions were maintained by the district court. Plaintiffs again appealed to this Court. We overruled the exceptions and remanded the case for further proceedings in the district court. Doucet v. Landry (La.App., 3 Cir., 1962), 140 So.2d 690. The case was tried on the merits, and, as aforesaid, the plea of prescription was maintained by the district court. This appeal followed.
*672 The facts in the instant case have been fully set out in our second opinion, and are as follows:
“Plaintiffs, as the heirs of George C. Sarver, Sr. and his wife, Nancy Perry Sarver, both deceased, (including the heirs of George C. Sarver, Sr.’s son, Alcibier Sar-ver) filed this suit against defendants to set aside three intra-family sales of real property made by (1) George C. Sarver, Sr. to Alcibier Sarver by deed dated March 24, 1892; (2) Alcibier Sarver to Hatter Sarver by deed dated November 25, 1899; and (3) Hatter Sarver to George C. Sarver, Jr. by deed dated December 6,1902, as being donations in disguise. Defendants in the instant suit are the heirs of George C. Sarver, Jr. and Hatter Sarver. The deeds in the sales made by George C. Sarver, Sr. to Alcibier Sarver, and by Alcibier Sarver to Hatter Sarver purport to transfer title to an 85-acre tract of land in Acadia Parish. The deed in the sale made by Hatter Sarver to George C. Sarver, Jr. affects and relates to a portion of the land described in the other two deeds.
“For a cause of action plaintiffs alleged that whereas the recited consideration in the sale from George C. Sarver, Sr. to Alcibier Sarver was the sum of $3,300.00, actually the vendee did not pay anything for the property. That at the time of the purchase he was in destitute circumstances; that the real estate described in the first mentioned sale was the only property George C. Sarver, Sr. owned on the date he made the donation in disguise to his son; and, that under Article 1497 of the LSA-Revised Civil Code of Louisiana, said sale was a nullity.
“Plaintiffs alleged further that from the time of the alleged sale on March 24, 1892, George C. Sarver, Sr. remained in possession of said property until his death in 1911, and since 1920 Hatter Sarver and George C. Sarver, Jr. and/or their heirs remained in possession of said property.
“As to the sale from Alcibier Sarver to Hatter Sarver, plaintiffs alleged that whereas the deed recited a consideration of $235.00, in truth, no consideration was paid by the vendee. That the vendor owned no other property at the time of the sale and it was a donation in disguise.
“Plaintiffs also allege that the purported sale from Hatter Sarver to George C. Sarver, Jr. was also a donation in disguise because there was no consideration for same.
“Plaintiffs allege further that the parties to the alleged sales knew that they were donations in disguise. • * * * ”
In the original answer to the instant case, defendants filed an exception of misjoinder of parties. This was cured by a supplemental petition on behalf of plaintiffs. Prior to the trial on the merits, defendants filed a plea of acquisitive prescription of ten years, as provided by LSA-Civil Code Article 3478.
There are three matters before this Court — the pleas of thirty years prescription and ten years prescription, and a plea of laches. We will first discuss the plea of thirty years prescription for if this plea is good, it will dispose of the issue in this case.
The record reveals that George C. Sar-ver, Sr. departed this life in 1911, and his wife, Nancy Perry Sarver, departed this life in 1920. The contest in the instant case is among the heirs of the above named decedents. Plaintiffs opened the succession of George C. Sarver, Sr. and Nancy Perry Sarver and had themselves, the defendants, and other heirs of the decedents placed in possession by judgment of the court dated October 17, 1960.
The only surviving children of George C. Sarver, Sr. and Nancy Perry Sarver who testified at the trial are Mrs. Laura Sarver Doucet, Mrs. Edward Faulk, and Mrs. Ida Lee Bertrand.
This matter was submitted on briefs, in which counsel for appellants contends that the three living children named above tacit *673 ly accepted the succession of their father and mother. Plaintiffs contend that Laura Sarver Doucet accepted the succession -of her father and mother by going to the family home shortly after 1920 and asking some of the defendants for chickens and dishes belonging to her mother, which were given to her. Mrs. Edward Faulk testified that she went to the family home shortly after the death of her mother in 1920, and with the permission of the defendants, took a safe and a mattress which belonged to her mother. Mrs. Ida Lee Bertrand contends that at the time of her father’s death she was a minor, and also that she accepted the succession by paying her mother’s funeral expenses.
The evidence also reflects that defendants, Hatter Sarver and George C. Sarver, Jr., were in actual physical possession of the property in controversy since 1920; that they farmed the land, demolished some of the old buildings and rebuilt them; that this was done openly and with the knowledge of the above named children who testified in the instant case.
The jurisprudence of this State in connection with LSA-C.C. Article 1030 has been discussed in detail in the recent case of Kinney v. Waddell (La.App., 3 Cir., 1965), 171 So.2d 782, decided by this Court.
As to the claim of Laura Sarver Doucet and Mrs. Edward Faulk, we do not think that the evidence adduced in this case supports their contention that they tacitly accepted the succession of their father and mother.
As to the contention made by Mrs. Ida Lee Bertrand, namely, that she was a minor when her father died in 1911, and that under the provisions of LSA-C.C. Article 977, the succession was accepted on her behalf, the testimony shows that at the time her father died, she was over eighteen years of age and was married; and, accordingly, for the purposes of this suit, she was an emancipated minor over the age of eighteen years, and prescription would run against her the same as it would against a person having reached majority.
As to the claim made by Mrs. Ida Lee Bertrand that the payment of funeral expenses by her husband constitutes a tacit acceptance of the succession of her deceased mother, we are of the opinion that payment of these funeral expenses by her husband did not amount to a tacit acceptance of the succession of her mother and father.
Planiol Civil Law Treatise, Volume 3-Part 1, Sections 1996 through 1998 deals with acts implying tacit acceptance of a succession. In Section 1998, as to whether the payment of funeral expenses amounts to a tacit acceptance of a succession, the author is of the opinion that it does not. This section states in part that there are some acts which the heir can perform without fear that they will be construed as implying his or her acceptance of a succession. An example in this section is where an heir makes funeral arrangements. This is considered an act of piety and a family duty. Moreover, time is of the essence in making the necessary funeral arrangements.
After reviewing all of the evidence in the instant case, we are of the opinion that the trial judge correctly maintained the plea of thirty years prescription under LSA-C.C. Article 1030.
Since we have decided that the plea of thirty years prescription is good, there is no necessity to discuss the plea of ten years prescription and the plea of laches.
We note that in the judgment of the district court there is no mention of the property described in this litigation. We, therefore, supplement the opinion by describing the property in controversy, as follows:
That certain tract or parcel of land situated in Acadia Parish, Louisiana, containing eighty-five (85) acres, more or less, and located in the East Half (E½) of the West Half (W½) of Section 36, Township 10 South of Range 1, East, *674 Louisiana Meridian, which was formerly hounded historically on the North by lands of Laurent Vigo; South by lands owned by Howard Hoffpauir; East by lands of William W. Duson and West by lands of Despalier Bertrand, and which is presently bounded on the North by Mrs. Meliza Abshire Duhon, et al; South by Hagan Sarver, East by Clyde Hoff-pauir, George Sarver, Jr. Estate, Wilton Benoit, Louis H. Sarver and Hagan Sar-ver; and West by George Sarver Estate and Hatter Sarver Estate, together with all buildings and improvements thereon.
For the reasons assigned the judgment of the district court is affirmed at appellants’ costs.
Affirmed.